SIMMONS *v.* SYRACUSE, B. & N. Y. & OSWEGO & S. R. BENEV. SOC.

(*Supreme Court, General Term, Fourth Department.* May 2, 1890.)

1. BENEVOLENT SOCIETIES—UNLAWFUL EXPULSION—PAYMENT OF DUES.
    In an action by a member of a benevolent society for weekly benefits, it is no defense that plaintiff was in arrears for dues, where it appears that he paid his dues until he was unlawfully expelled, and that he afterwards tendered them, and they were refused.

2. SAME—EXPULSION OF MEMBER—NOTICE OF CHARGES.
    A rule of the society that any member feigning sickness to obtain benefits shall be expelled, does not authorize an expulsion without notice of the charges preferred or opportunity to defend.

Appeal from circuit court, Onandaga county.

Action by Hiram B. Simmons against the Syracuse, Binghamton, New York & Oswego & Syracuse Railroad Benevolent Society, to recover weekly benefits for the period that he was disabled. Judgment for plaintiff. Defendant appeals.

Argued before HARDIN, P. J., and MERWIN and MARTIN, JJ.

*Stone, Gannon & Petit,* for appellant. *D. F. McLennan,* for respondent.

MERWIN, J. The defendant was incorporated in 1886 under the act passed in 1875, entitled "An act for the incorporation of societies or clubs for certain lawful purposes." Its object was to assist its members by paying them a stated sum per week while disabled from labor through sickness or accident. Its by-laws provided that any member who is disabled from work, either by sickness or accident, shall, after thirty days' connection with the society, receive benefit from the funds of the society at the rate of one dollar for the first week, and five dollars for each week thereafter, not exceeding 26 weeks. The plaintiff became a member in July, 1885. At the trial he recovered benefits for 12 weeks from the 13th October, 1888. It is claimed by the defendant (1) that the complaint should have been dismissed because the plaintiff had ceased to be an employe of either the Syracuse, Binghamton & New York Railroad Company, or the Syracuse & Oswego Railroad Company; (2) that the plaintiff should have been nonsuited because of arrearages in dues; and (3) because of fraud in his endeavor to obtain benefits; (4) that the court erred in not allowing evidence of the expulsion of plaintiff on the 19th November, 1888; and (5) that the court erred in its charge in divers respects.

1. It is alleged in the complaint and admitted by the answer that an applicant for membership, to be eligible, must be an employe of one of the named railroad companies. There is no evidence of any provision as to what the effect shall be of a person ceasing to be such employe after he becomes a member. There is no defense set up in the answer based on the allegation that the plaintiff had ceased to be such employe, nor was there any motion to dismiss on that ground. It appeared on the trial that plaintiff ceased to be such employe the latter part of July, 1888. There was also evidence that from that time forward he was not well. He, however, worked some for other parties prior to the time he became entirely disabled. The defendant has no good reason for complaining of the course of the trial on this subject.

2. As to the arrearages in dues, it was conceded at the trial that the plaintiff kept them up down to the time of the expulsion. This was November 19, 1888. It appeared that the dues for November were received by the defendant. Those for December were tendered, but refused. There was no ground for nonsuit in this regard.

3. The question of fraud was for the jury. The verdict in that respect is not against evidence.

4. The defendant offered to show that at a meeting of the society on the 19th November, 1888, the following resolution was adopted: "The certificate of H. B. Simmons, claiming benefit from July 19th to October 23d, was taken up for action, and evidence being at hand showing that Mr. Simmons worked during the month of July and part of August, and, on motion, Mr. H. B. Simmons was expelled for violating the rules of the society after being duly notified by the secretary to be present." This evidence, upon the objection of plaintiff, was excluded. The only regulation of the society on the subject of expulsion, so far as appears from the record before us, was that "any member feigning sickness, in order to receive benefits, shall be expelled." This ground of expulsion was not stated in the resolution offered. This, it is urged, is a fatal defect. *People* v. *Society*, 22 Mich. 86, 92. Be this as it may, the more important question is over the matter of notice to the plaintiff. The rules of the society do not seem to provide for notice. It was shown that on Saturday night the plaintiff received notice to be present at a meeting on Monday evening. The resolution was passed that evening. It was not shown that any notice was given to the plaintiff that any charge was made against him, or that there would be a hearing upon any charge at the meeting. The plaintiff was not present at the meeting, nor, so far as the evidence shows, did any one appear for him. He sent word that he could not come, as the doctor forbade his going out in the night. The court below, in substance, held that notice should have been given to the plaintiff of the charge against him, and a reasonable opportunity given him to be heard; that such notice and opportunity was not given, and therefore the society had no authority to expel the plaintiff. The ruling was not, under the circumstances, erroneous. In the absence of any rule of the society on the subject of notice, the rule held at the trial was correct. *Wachtel* v. *Society*, 84 N. Y. 28; *Loubat* v. *Le Roy*, 40 Hun, 552, and cases cited; Nibl. Mut. Ben. Soc. p. 89, § 71.

5. The defendant claims the court erred in charging that the plaintiff, if entitled to recover at all, was entitled to recover from October 13th to January 5th, that being the date of the commencement of the action. The exception, however, was to the statement that the company was notified October 13th. The court in reply said: "It was about that date it [the certificate of the physician] was served on the company; the evidence is, between that time and pay-day, which was the 13th, 14th, or 15th." This statement was not excepted to. The certificate of the physician as to plaintiff's sickness was dated October 13th, and was served at about that date upon the president of the defendant. That was a good service on the corporation. The exception is not well taken.

It also appears that the plaintiff's wife notified the president before that. The court in its charge remarked that the plaintiff, down to October, 1888, had received no benefit from the society. This was not correct, as the plaintiff, in his cross-examination, stated he had received benefits from the company, but the amount was not given. The defendant in excepting to this remark did not state the ground of the exception, or call the attention of the court to the evidence. If the defendant deemed it material, attention should have been called to it. The fact itself was immaterial. The remark, as made by the court, was coupled with the idea that, up to the time referred to, the plaintiff had no right to call for aid. It is not apparent that any harm resulted, or

was likely to result, from the mistake. The defendant claims that it was error for the court in its charge to say that the plaintiff decided to call for benefits on October 13, 1888. That, however, was a correct statement of the effect of plaintiff's evidence. An entry upon defendant's cash-book as to plaintiff's dues was referred to by the court. It is said the cash-book was not in evidence. The case shows that a portion of the contents of the book, substantially the part referred to, was admitted in evidence without objection. The defendant claims an error in charging that the undisputed evidence showed that the plaintiff from October 13th to January 5th was unable to perform any labor or service by reason of his sickness. This was the evidence of the plaintiff, and the court left it to the jury to say whether it was disputed. Our attention is not called to any other claim of error. We find nothing sufficient to justify a reversal. Judgment and order affirmed, with costs. All concur.