[S. F. No. 148. Department Two.—July 20, 1896.]

JOSEPH VON ARX, Respondent, v. THE SAN FRANCISCO GRUETLI VEREIN, Appellant.

Mutual Aid Society—Property Rights of Members—Jurisdiction of Courts.—The code of this state recognizes voluntary associations organized for mutual aid and benevolence, and courts have jurisdiction to protect the property rights of members of such associations.

Id.—Exclusion of Member—By-laws—Notice of Proceeding—Opportunity to Defend—Mandamus—Reinstatement.—Where a member has been excluded from a mutual aid society in accordance with reasonable by-laws, the courts will not ordinarily interfere; but where there are no by-laws applicable to the difficulty, the court will inquire whether or not an expelled member has had a reasonable notice of the proceeding which resulted in his expulsion, and a fair opportunity of presenting his defense in accordance with the general principles of right and justice, and, if not, mandamus will lie to compel the association to reinstate the excluded member.

Appeal from a judgment of the Superior Court of the City and County of San Francisco and from an order denying a new trial. J. M. Seawell, Judge.

The facts are stated in the opinion of the court.

*Shadburne & Herrin*, for Appellant.

Defendant has the inherent right to expel a member for nonpayment of dues and assessments, and may provide in its by-laws that such nonpayment within a stipulated time after notice shall, without personal or other notice, *ipso facto*, work a forfeiture of all the member's rights of membership. (Niblack on Mutual Benevolent Societies, sec. 41; *Rood* v. *Railway etc. Assn.*, 31 Fed. Rep. 62; *McDonald* v. *Ross-Lewin*, 29 Hun, 87.) Courts will not interfere with by-laws. (*Dawkins* v. *Antrobus*, L. R. 17 Ch. Div. 615; *State* v. *Milwaukee Chamber etc.*, 47 Wis. 670; *Hussey* v. *Gallagher*, 61 Ga. 86; *People* v. *Board of*

*Trade*, 80 Ill. 134; *Society for Visitation of Sick* v. *Commonwealth*, 52 Pa. St. 125; 91 Am. Dec. 139; *Barrows* v. *Massachusetts Med. Soc.*, 12 Cush. 402; *Anacosta Tribe etc.* v. *Murback*, 13 Md. 91; 71 Am. Dec. 625; *People* v. *New York etc. Assn.*, 18 Abb. Pr. 271.) It was not necessary to serve charges and set a day for trial for the purpose of imposing the fine. (7 Am. & Eng. Ency. of Law, 992; *State* v. *St. Johnsbury*, 59 Vt. 332; *Yonkers Soc.* v. *Yonkers*, 44 Hun, 338; *Board of Supervisors* v. *Sullivan*, 51 Wis. 115; *Platteville* v. *Bell*, 43 Wis. 488; *Son* v. *People*, 12 Wend. 344; *People* v. *Taylor*, 3 Denio, 98; *People* v. *Clark*, 1 Park. C. C. 360.) As a general rule courts will not interfere with the proceedings of the association. (High on Injunctions, sec. 230; *Walker* v. *Wainwright*, 16 Barb. 486; *White* v. *Brownell*, 4 Abb. Pr., N. S., 162; *Shannon* v. *Frost*, 3 B. Mon. 253; *Gregg* v. *Massachusetts Med. Soc.*, 111 Mass. 185; 15 Am. Rep. 24; *Watson* v. *Jones*, 13 Wall. 679; *Chase* v. *Cheney*, 58 Ill. 509; 11 Am. Rep. 95.)

*Clitus Barbour*, for Respondent.

As the constitution and by-laws of defendant provide no procedure for imposing fines, expelling members, or for notice, or for specific charges, or for anybody to investigate charges, the law will interfere. (*Hiss* v. *Bartlett*, 63 Am. Dec. 776, 777, note; Bacon's Benefit Societies, secs. 101, 107; *Hutchinson* v. *Lawrence*, 67 How. Pr. 47; *Erd* v. *Bavarian etc. Relief Assn.*, 34 N. W. Rep. 555.) Respondent was entitled to notice of the proceedings, and to be heard in defense of himself. (Bacon's Benefit Societies, 101; *Otto* v. *Journeyman Tailors' etc. Union*, 75 Cal. 308; 7 Am. St. Rep. 156.)

McFarland, J.—This is an appeal by the Gruetli Verein from a judgment of the superior court in a *mandamus* proceeding, by which appellant was commanded to restore the respondent, Von Arx, to all the rights, etc., of a member of said appellant; and also from an order denying a new trial. The Gruetli Verein is a so-

ciety organized for intellectual intercourse and mutual aid and benevolence. The respondent was, for many years prior to December 5, 1893, a member in good standing of said appellant, but on said last-named day he was expelled, and he brought this proceeding to be reinstated.

It is, perhaps, unfortunate that the general law takes notice of the rights of persons as members of voluntary associations organized for such purposes as those contemplated by the appellant herein. It would, perhaps, be better if a person joining such a society should be forced to look alone to the society itself for the protection of his rights as a member of it. But our code recognizes such associations, and courts have felt compelled to listen, reluctantly, to complaints of their members in certain cases. This is particularly so where, as in the case at bar, ordinary property rights are involved. The appellant, in its character as a mutual aid society, has a fund of fifteen thousand dollars; it maintains sick members at the rate of ten dollars each per week, and it insures the life of each member to the extent of three hundred dollars. The respondent has contributed one thousand dollars to the resources of the association.

We do not deem it necessary to discuss at any length the cases in which courts will listen to complaints of members of such associations, or the principles by which courts in such cases will be governed. They can be found in the text-books upon the subject, and are quite fully stated in the opinion of Searls, C. J., in *Otto* v. *Journeyman Tailors' etc. Union*, 75 Cal. 308; 7 Am. St. Rep. 156. Where the society has by-laws, not unreasonable in their character, which are applicable to the difficulty out of which the litigation arises, and the asserted rights of the parties have been determined by the society in accordance with such by-laws, a court will not ordinarily interfere. But where there are no such by-laws, a court will inquire whether or not an expelled member has had a reasonable notice of the proceeding which resulted in his expulsion, and a fair opportunity

of presenting his defense in accordance with general principles of law and justice.

It is not necessary to notice the full findings of the court—all of which, we think, are supported by the evidence, nor to give here a full statement of the facts in the case. It is only necessary to notice the findings and facts which show the theory upon which the case was decided by the court below.

A committee of fifteen of the appellant, which is composed of Swiss people, issued a circular letter to kindred societies, suggesting a federation of all the Swiss societies of the Pacific Coast. This letter was sent to a society called the Helvetia Verein, of which respondent was also a member. The latter society, through a committee of eight, of which respondent was a member, sent a reply to the appellant declining the proposition of said circular letter. This reply was referred by appellant to the same committee of fifteen who had issued the circular letter. This committee considered that said reply contained objectionable matter, and so reported to a meeting of the appellant held on November 7,.1893. Of the committee of eight of the Helvetia Verein who signed said reply, there were four others besides respondent who were also members of appellant; and, in the report of the said committee of fifteen to appellant on said November 7th, it was recommended "that judicial proceedings *be instituted* against the five signers" of said reply of the Helvetia Verein, "upon the grounds of undermining the best interests of the society, and, if found guilty, to punish them according to our constitution." Respondent and the other four were present, and there was a "heated discussion of the circulars, in which plaintiff [respondent here] participated." After a good deal of wrangling, the president ordered respondent and the other four to leave the room, which they did; and, after they had left, a motion was made and carried by a two-thirds majority that respondent be fined in the sum of twenty dollars, and that he be given until the first day of December,

1893, to pay the same. On December 5th, said fine not having been paid, the financial secretary of appellant reported that the respondent owed the society more than twelve dollars, and he was expelled. He did not owe twelve dollars, nor more than one dollar, exclusive of said fine. Before his expulsion, " plaintiff [respondent here] delivered to defendant [appellant here], and defendant received from plaintiff, a protest against its threatened action, and a demand for a hearing upon any accusation that might be made against him. The defendant ignored said protest and denied said demand."

The constitution and by-laws provide that " a member owing more than twelve dollars to the society, who, *in spite of repeated warnings*, neglects to pay, is to be expelled "; but the court found that " no provision is made in such constitution or by-laws for a mode of procedure in imposing fines or expelling members for misconduct or nonpayment of dues, or for specific charges to be served on them, or for notice of time or place of trial, or for time or opportunity to prepare for or make their defense to any accusations that may be made against them," etc. The court further found that " plaintiff was never informed or given to understand, and did not understand, at or before the time when he was excluded from the room as aforesaid, that any charges had been prepared against him, and plaintiff did not, at said meeting, defend himself against said charges, or against any charges." On December 9, 1893, respondent offered to pay to the financial secretary of appellant all dues from him to appellant, and demanded that his name be replaced on the list of members; and, on December 19, 1893, at a regular meeting of appellant, respondent delivered to it his demand to be restored to membership; but appellant wholly neglected and refused to comply with said demand.

We cannot see that, upon the foregoing facts, the court erred in holding that respondent had been un-

lawfully expelled.   The proceedings which resulted in his expulsion were not in accordance with any procedure established by the constitution or by-laws of appellant; and the court was justified in concluding that they were, in the language used in *Otto* v. *Journeyman Tailors' etc. Union, supra,* "lacking in the essential elements of fairness, good faith, and candor, which should characterize the action of men in passing upon the rights of their fellow-men."

The judgment and order appealed from are affirmed.

HENSHAW, J., and TEMPLE, J., concurred.

Hearing in Bank denied.