CORNELIA BERKHOUT, PLAINTIFF IN ERROR, v. SUPREME COUNCIL ROYAL ARCANUM, DEFENDANT IN ERROR.

Submitted December 5, 1898—Decided April 18, 1899.

A by-law which provides for the expulsion of a member without affording him an opportunity of defending himself against the charges upon which his expulsion is based, is not altogether null and void, but only

so to the extent that it deprives such member of a hearing from which he might possibly derive a benefit, and where it conclusively appears that no such result has followed its enforcement, the existence of such a provision in it will not be held to invalidate the proceedings taken under it.

On error to Essex Circuit Court.

Before MAGIE, CHIEF JUSTICE, and Justices DIXON, GARRISON and GUMMERE.

For the plaintiff in error, *Frank M. McDermit.*

For the defendant in error, *J. Franklin Fort.*

The opinion of the court was delivered by

GUMMERE, J. The plaintiff below, Cornelia Berkhout, brings this action to recover the sum of $3,000, which she claims is due to her as the beneficiary named in a certificate of insurance issued by the defendant upon the life of one Jacobus Berkhout, deceased, who, at the time of the issuing of the certificate, was a member of the defendant society.

By the terms of the certificate the defendant bound itself, upon certain conditions to which it is not necessary to refer, to pay to the said plaintiff, who was Berkhout's wife, the amount named, at his death, provided he was then a member of the order in good standing.

The case was tried by the court, without a jury, upon an agreed state of facts, from which it appeared that on January 13th, 1888, the deceased was regularly admitted to membership in Roseville Council, No. 992, a council of the defendant order, and the certificate above referred to issued to him; that his admission fee and all dues and assessments were duly paid; that at the time the deceased became a member of the order the following section of the by-laws governing members had been adopted (section 678): "The certificate of a court of record that a member has been convicted of a felony and finally sentenced shall be evidence sufficient to justify the

expulsion of such member by his council, upon the report of the inquiry committee, without the usual trial; provided, that proceedings for the reversal of such sentence shall not be pending and undecided;" that on April 13th, 1891, the said Jacobus Berkhout was convicted, upon his open confession, by a court of competent jurisdiction of the State of New York, of the crime of grand larceny of the second degree and was sentenced to imprisonment at hard labor in the state prison for a term of four years; that on May 14th, 1891, at a meeting of Roseville Council, No. 992, the record of his conviction was produced and charges preferred thereon, which were referred to the inquiry committee; that the inquiry committee reported, sustaining the charges, and Berkhout was thereupon expelled from the order; that this action was had without notice to him and while he was serving out his sentence in the state prison at Sing Sing; that at that time no proceedings for a reversal of his sentence were pending and undecided; that in April, 1894, he was pardoned and discharged from imprisonment, and that he died March 6th, 1895.

On this state of facts the trial judge found in favor of the defendant.

The only question presented to us by the assignment of errors is whether the expulsion of Berkhout from membership in the society without notice and without a hearing (in pursuance of the provision of a by-law which had been adopted by the defendant before he became a member of the council) is legal, the contention being that a by-law of an association which provides for the turning out of a member without an adequate and sufficient notice and an opportunity to meet the accusation brought against him is a nullity and proceedings had under it void.

A member of a benevolent association, against whom proceedings are pending which have his expulsion for their object, is entitled to make such defence as he may have to the charges upon which the proceedings are based, and if he is expelled without being afforded an opportunity to submit his

defence, he is deprived of a substantial right which the ordinary principles of justice require that he should be permitted to enjoy.

But where it appears that the accused member, by his own act, has made it impossible that he should attend before the tribunal of the society, if notice had been given to him, and it is admitted that the charges against him are true and that he has no defence to make against them, it is not perceived that he can be in any way injuriously affected by expulsion upon such charges without notice and without a hearing.

The true rule would, therefore, seem to be that a by-law which provides for the expulsion of a member without affording him an opportunity of defending himself against the charges upon which his expulsion is based, is not altogether. null and void, but only so to the extent that it deprives such member of a hearing from which he might possibly derive a benefit, and that where it conclusively appears that no such result has followed its enforcement, the existence of such a provision in it will not be held to invalidate the proceedings taken under it.

Tested by this rule the by-law in the present case affords no ground for setting aside the judgment under review. Berkhout, by his own act in confessing in open court the crime for which he had been indicted, thereby bringing about his imprisonment in state prison, made it impossible that he should attend before the meeting either of the council or of its inquiry committee, even if notice had been given to him. And even if he had been heard the final result would necessarily have been the same. The ground of expulsion declared by the by-law was *conviction of crime and sentence thereon* except in those cases in which proceedings for the reversal of such sentence should be pending and undecided.

In order, therefore, to have prevented the determination reached by the council and its committee it would have been necessary for Berkhout to have proved either the falsity of the record of conviction or that he was not the defendant named therein, or that proceedings for the reversal of his

sentence were pending and undecided. That he could have done none of these things is apparent. The agreed state of the case conclusively shows that the determination of the council and its committee on the question of his expulsion was entirely justified by the facts and could not have been · successfully resisted by him.

The judgment of the Circuit Court should be affirmed, with costs to the defendant.