DAVID VOLPICELLI v. SOCIETA VOLLASTESE DI MUTUO SOCCOROSO.

Argued February 21, 1911—Decided June 7, 1911.

Where a member of a benefit society confessed in writing to the society the truth of the charge preferred against him, which resulted in his suspension and the imposition of a fine, which he paid, he will not be heard upon a claim for sick benefits to challenge the validity of the by-law under which he was suspended upon the ground that it made no provision for a hearing and that in fact he obtained no hearing.

On appeal from the Second District Court of the city of Newark.

Before Justices SWAYZE, BERGEN and MINTURN.

For the appellant, *Sweeney & Scoppettone.*

For the appellee, *Eugene Dotto* and *Phillip J. Schotland.*

The opinion of the court was delivered by

MINTURN, J.   The plaintiff, who was a suspended member of the defendant society, sued to obtain sick benefits that accrued during his suspension.   It is conceded that if he had been in good standing he would be entitled to recover, but, it is insisted that he was not in good standing, having been suspended, and therefore was not in a position to claim sick benefits under the by-laws of the society.

He had been suspended for three months, from July 9th to October 9th, 1910, and had been fined one dollar for conduct unbecoming a member.   In a letter to the society the plaintiff admitted the correctness of the charge against him, promised to pay, and did pay, the fine imposed upon him by the society, and prayed for the forgiveness of his transgression.   The board of directors met and considered the charges, as they were em-

powered to do by the by-laws, and, without hearing the plaintiff, suspended him for the period of three months. The by-laws further provided that in case of suspension the suspended member forfeited his rights and became entitled "only to a funeral in case of death."

The contention made by the plaintiff is that since the by-laws do not provide for a hearing, and since he did not receive notice and the formality of a trial before his suspension was adjudged, his *status* as a member in good standing was not affected, and the District Court evidently so concluded.

We think this was error. The plaintiff paid his fine and confessed his guilt to the society, and therefore had practically waived his right to a hearing.

The case in all essentials is controlled by the doctrine laid down by this court in *Berkhout* v. *Royal Arcanum,* 33 *Vroom* 103. We there held that a by-law which fails to provide for a hearing as a preliminary to the expulsion of a member, is not *ipso facto* null and void, but only so to the extent that it deprives a member of a possible benefit; and that where it conclusively appears, as it does in the case at bar, that no such result has followed its enforcement, the existence of such a provision will not be held to invalidate the proceedings taken under it. That case presented a question of the expulsion of a member, and *a fortiori* the *status* of the defendant is stronger in the case at bar where suspension only resulted.

For this reason the judgment below will be reversed.