# Engle, Appellant, v. Pottsville Division No. 90, Brotherhood of Locomotive Engineers.

*Beneficial associations—Expulsion of member—Remedies provided by by-laws—Jurisdiction of the courts.*

Where the constitution and by-laws of the Brotherhood of Locomotive Engineers, an unincorporated association, provide that when charges are made against a member, the chief engineer of the division to which the member belongs, shall bring the charge to the notice of the members present at the first regular meeting and appoint a committee of three to investigate them, and report at the next regular meeting, and that a vote of the members shall be taken by ballot after a trial of which the member shall have notice, and the member if aggrieved, may appeal to the grand chief engineer, and the Grand International Division, and it appears that a member was expelled on charges made against him by the grand chief engineer based upon an alleged violation of a by-law enjoining membership in other labor organizations, and that at the next regular meeting of the division to which the member belonged, he was expelled without any committee having been ap-

pointed to investigate, and without any subsequent meeting and trial as provided by the by-laws. In such a case it is immaterial that the member may have appealed to the grand chief engineer, and also to the Grand International Division in the manner provided by the by-laws, inasmuch as these tribunals acted merely in an appellate capacity.

In such a case the grand chief engineer prejudged the rights of the plaintiff in directing the charges to be preferred, in deciding the validity of these charges, and finally, as the presiding officer of the Grand International Division, in confirming his former decisions.

*Equity—Equity practice—Demurrer—Admission of facts set out in bill.*

When a defendant in an equity suit interposes a demurrer as a defense, he admits the truth of the material facts set out in the bill, but denies that they are sufficient to justify the court in granting the relief prayed for by the plaintiff. The defense must be made out from the allegations of fact in the bill which, so far as material, are taken as verity.

Argued Dec. 5, 1916. Appeal, No. 47, Oct. T., 1916, by plaintiff, from decree of C. P. Schuylkill Co., Jan. T., 1916, No. 4, dismissing bill in equity in case of William A. Engle v. Pottsville Division No. 90, Brotherhood of Locomotive Engineers, P. J. Hayes, H. E. Wilson, N. L. Hipple and others members of the Pottsville Division No. 90; The Grand International Brotherhood of Locomotive Engineers, W. S. Stone, Grand Chief Engineer of the said Brotherhood. Before ORLADY, P. J.; PORTER, HENDERSON, HEAD, KEPHART, TREXLER and WILLIAMS, JJ. Reversed.

Bill in equity to compel reinstatement of membership in a beneficial association. Before BECHTEL, P. J.

The facts are stated in the opinion of the Superior Court.

*Error assigned* was decree dismissing the bill.

*Cyrus G. Derr* and *John G. Johnson,* with them

*George M. Roads,* for appellant.—The appellant, as a member of the Brotherhood of Locomotive Engineers, had valuable property interests of which he could not be deprived by expulsion without a fair and impartial trial by his division, which the statutes of the brotherhood constitute a tribunal for such trial, and the proceedings of appellant's division which culminated in his alleged expulsion were void for the reason that the members of the division, instead of acting upon their own opinions, convicted the appellant because the grand chief engineer, not a member of the division, had prejudged the case and commanded them to convict and expel appellant: Weiss v. Musical Mut. Pro. Union, 189 Pa. 446; Wick v. Fraternity Accident Order, 21 Pa. Superior Ct. 507; Manning v. Klein, 1 Pa. Superior Ct. 210; Worrilow's App., 3 Walker 161.

*C. E. Berger,* with him *Oscar J. Horn,* for appellee.

OPINION BY ORLADY, P. J., April 23, 1916:

This appeal is from a decree of the court below sustaining a demurrer and dismissing a bill in equity filed by the plaintiff against the defendants.

In 1900, the plaintiff became an affiliated member in Pottsville Division No. 90, of the Brotherhood of Locomotive Engineers, and he continued in good standing therein until June 22, 1914, when he was expelled. From this decision of the division he appealed to W. S. Stone, Grand Chief Engineer, who on August 31st, decided "that Pottsville Division No. 90, had complied with the law in dealing with the case,......and that said ruling would stand unless reversed by the next convention of the Grand International Division."

On February 20, 1915, the plaintiff appealed from the decision of the grand chief engineer to the grand international division, which body sustained the decision of the grand chief engineer.

This appeal being from a demurrer to the appellant's

bill, the rule announced by Judge MESTREZAT in Pew v. Minor, 216 Pa. 343, must control our decision: "When a defendant in an equity suit interposes a demurrer as a defense, he admits the truth of the material facts set out in the bill, but denies that they are sufficient to justify the court in granting the relief prayed for by the plaintiff. The defense must be made out from the allegations of fact in the bill which, so far as material, are taken as verity."

The procedure to be followed in controversies between the organization and its members is very fully and intelligently declared in its written laws. Under the title "Statutes Governing Divisions" sub-title "Joining Other Labor Organizations," Section 39 provides as follows: "No member of this organization who is in active service shall be allowed to join any other labor organization, except the order of steam engineers, under penalty of expulsion by his division. But the grand chief engineer may grant permission to a member not in active service to join another labor organization when recommended by the chief engineer and secretary-treasurer of the Division to which he belongs." Section 47, sub-title "Charges," is as follows: "The chief engineer of the Division in which said charges are preferred shall at the first regular meeting bring them to the notice of the members present and appoint a committee of three to investigate the charges and report finding to the next regular meeting, unless further time is given." Section 49, sub-title "Trials—How Conducted," is as follows: "Should the committee find any evidence against the accused, he shall be furnished by the chairman of the committee with a written copy of the charges made against him and notified when to appear for trial, at which trial the said committee shall produce the evidence against him, and the evidence in his defense shall be heard, after which a vote of the members present shall be taken by ballot as to his guilt or innocence, and a majority vote shall be necessary to declare him guilty. If found guilty, the ballot

shall be passed and a majority vote of all the members present shall be sufficient to expel, suspend, reprimand or censure him, except in cases wherein the penalty for the offense is fixed by the G. I. D. In such cases the chief engineer shall, when the offender has been found guilty, inflict such penalty without said ballot being taken. It is provided, however, that the Division shall have power to suspend the sentence pending a promise of the convicted member to make restitution for the wrongs of which he has been convicted. At the trial, should the brother plead guilty to the offense as charged, the Division may proceed to vote upon the penalty without further evidence being submitted. All trials shall be conducted in accordance with instructions contained in Ritual."

Section 87, sub-title "Members May Appeal to G. C. E.," is as follows: "Should any member feel that any injustice has been done him by any decision of his Division, he may appeal to the grand chief engineer, making a written statement of his case, and file copy of same with the Division, except cases of seniority, rights to runs, or distribution of territory, which belongs to the General Chairman and General Committee of Adjustment, and upon receiving such statement the Grand Chief Engineer shall procure a written statement from the Division, and, after duly considering each, and the facts and evidence as well as the law, render his decision, such decision to be final and is to be complied with unless reversed by the action of the next G. I. D. Convention." Section 88, sub-title "Division Must Entertain Appeal," is as follows: "Any member in good standing who feels that an injustice has been done him in a case coming under the jurisdiction of the General Committee of Adjustment may appeal to that body and the Division must entertain such appeal and send it under the seal of the Chairman of the General Committee of Adjustment."

The initial cause of this controversy appears by the record, to be that, on February 23, 1914, the plaintiff be-

came a member of an incorporated association, entitled
the Mutual Beneficial Association of Pennsylvania Rail-
road Employees. The record of the trial is set out at
length in the plaintiff's bill, as follows: (Par. 9) "That
on or about March 25, 1914, W. S. Stone, grand chief
engineer of the said brotherhood, in a letter to P. J.
Hayes, chief engineer, and H. S. Wilson, secretary-treas-
urer of the said Pottsville Division No. 90, announced his
decision that the said The Mutual Beneficial Association
of Pennsylvania Railroad Employees, Incorporated, is a
labor organization, and therein ordered that a charge
under Section 39, of the statutes or by-laws of the
brotherhood be preferred against any member of the
brotherhood who had joined the said The Mutual Bene-
ficial Association of Pennsylvania Railroad Employees,
Incorporated." (Par. 10) "That pursuant to the said
decision and order of the grand chief engineer, the said
P. J. Hayes, chief engineer, preferred a charge against
your orator for a violation of Section 39, aforesaid, and
your orator was furnished with a copy of the said charge
and notified to appear and did appear for trial at a meet-
ing of the said Division held at Pottsville, Penna., on
Monday, June 22, 1914. When your orator's case was
taken up, your orator admitted that he had joined the
said The Mutual Beneficial Association of Pennsylvania
Railroad Employees, Incorporated, but declared that the
said association was not a labor organization within the
meaning of Section 39, aforesaid, for the reason, among
others, that the charter and by-laws of the said The Mu-
tual Beneficial Association of Pennsylvania Railroad
Employees, Incorporated, did not limit its membership
to any trade or trades, or departments, but extended to
all the employees of the Pennsylvania Railroad Com-
pany from the president thereof down, and that in fact
many of the officials of the company were members there-
of. After your orator had spoken, the chief engineer of
the said division presiding over the meeting, declared to
the members that the grand chief engineer had decided

that The Mutual Beneficial Association of Pennsylvania Railroad Employees, Incorporated, is a labor organization, that he would not have so decided without good legal authority, and that he had ordered the expulsion of your orator, and that the Division must obey him, or lose its charter. A vote of the members present was then taken, and your orator was declared guilty of having violated Section 39 aforesaid; and thereupon another vote was taken whereby your orator was expelled from the said Pottsville Division No. 90."

As before stated, an appeal was taken from this decision of Pottsville Division No. 90, to the grand chief engineer, and from that official to the Grand International Division, each of said tribunals affirming the decision of Division No. 90. The appellant, as a member of the brotherhood, had valuable property interests in the association, which was then the owner of real estate and of funds amounting to more than $100,000, and in addition thereto was entitled to certain contingent beneficial and fraternal rights under the constitution and by-laws.

When this appellant became a member of the brotherhood, he was bound in duty and in honor to, give allegiance to its constitution and by-laws, and he had a reciprocal right to insist that the organization should fairly apply to him the provisions of the same laws by which he was bound. The constitution and by-laws establish the contract between the organization and the members and their provisions are binding with equal force on each party. Organizations of this character cannot serve the purpose of their creation unless there is absolute authority vested in some tribunal to hear and fairly decide all controversies between members and the organization. And, while the courts have held that the trial of offenses need not be conducted with the technical observance of forms of legal procedure, it has universally been held that they must be conducted in good faith so that the accused shall have a fair hearing and impar-

tial trial. We do not pass on the question of the reasonableness of such rules and regulations as are agreed to by the members for conducting their affairs, but it has been uniformly held that the courts will in a proper case, construe and fix their meaning, so as to preserve the rights of the association on one hand, and of the members on the other: Crow v. Capital City Council, 26 Pa. Superior Ct. 411; Carlin v. A. O. H., 54 Pa. Superior Ct. 512, 4 Cyc. 304; Corpus Juris, 1355. Before an accused member can be expelled, he must be given an opportunity to be heard in his own defense, and to have an impartial trial: 5 Corpus Juris, 1356. The procedure set forth in the constitution and by-laws is designed to safeguard his rights and they must be honestly followed. From the admitted facts in the bill, as conceded by the demurrer, the alleged trial in Division No. 90, was in flagrant violation of the mandatory provisions of the statutes governing divisions. The charges were preferred by W. S. Stone, as grand chief engineer, in a letter to P. J. Hayes, chief engineer of Division No. 90, whereupon it became the duty of that officer, under Section 47, "at the first regular meeting to bring them to the notice of the members present, and appoint a committee of three to investigate the charges and report findings to the next regular meeting." This reasonable requirement was entirely ignored. No committee was appointed, no investigation or report was made, no evidence was adduced, no defense was heard, but at the same meeting, by direction of the grand chief engineer, it was ordered that "the charges were sustained and the accused member should be expelled, and that the Division must obey him or lose its charter."

We have searched in vain for any provision in the constitution or by-laws vesting in the grand chief engineer such autocratic power as to order the expulsion of a member or the revocation of a charter. Such pronouncement excluded all forms of a hearing, trial and decision, and any defense, however valid, would be futile against

such an order. Neither the letter or the spirit of their law was observed. The taking of a vote of the division after such a declaration from a superior official, was a meaningless form and without effect. While the record declared him to be expelled from his division in formal words, it is manifest that his expulsion was founded as the personal order of the grand chief engineer. The powers and authorities of this official are clearly defined by the Section 8, of the constitution and by-laws, and by no reasonable construction of this or any other section can be found any power, express or implied, to so summarily decide such an important question. It was a radical departure from the regulations set out in their law, and when challenged by one who has been aggrieved thereby the courts must construe their law to assure justice to the member whose rights have been ignored. The regularity of the decision of Division No. 90, determines the validity of the final order made. The supreme governing body of the brotherhood is composed of a grand chief engineer and others, and the appeal to this tribunal from the decision made by the grand chief engineer was again affirmed. The demurrer admits that W. S. Stone, the grand chief engineer, who instituted proceedings and decided the involved question without a hearing or trial, is the same official to whom the appeal from the decision of the division was taken, and was the presiding officer of the court of last resort.

To approve such a proceeding would mean the substitution of the personal judgment of an official of the brotherhood for a fair and deliberate trial before the division, and would be destructive of the purposes of the brotherhood. The grand chief engineer and the Grand International Division were acting as appellate reviewers. The only powers of these officials in regard to trials are to be found in the written laws of the organization, and any departure from such delegation of authority would be unlawful and unauthorized. Every argument that can be urged to insure loyalty of the member to the

organization, applies with equal force to having the laws fairly and honestly applied toward the member. The contractual obligation and duty is reciprocal. The word, trial, can have but one meaning: the one accepted by the public at large, as assuring to one accused, the open right to present his defense to an unbiased tribunal, where the hearing is fairly conducted and the judgment entered shall be free of bias of either trial or judge.

While Section 39 provides, "No member of this organization who is in active service shall be allowed to join any other labor organization, etc.," no definition is given of the term labor organization. These sections provide a definite and simple procedure—charges must be preferred, a committee to investigate must be appointed, a report of the committee must be had, a vote of the members present must be taken by ballot, and the trial must be conducted in accordance with the instructions contained in the ritual. The right of appeal to a party aggrieved is specially provided for and was followed in this case. The appellant pursued the method set out in the by-laws and the grand chief engineer, as well as the Grand International Division acted only as appellate reviewers of the action taken in Division No. 90. These tribunals did not assume to act in any other capacity than as a reviewing body, and they were committed by the constitution and by-laws to that course of procedure.

A fair and impartial trial by a jury of one's peers is a sacred right guaranteed to every citizen under our laws, and this plaintiff's title to membership in this association is safeguarded by the same assurance in his brotherhood. It clearly appears that W. S. Stone, grand chief engineer, prejudged the rights of the plaintiff in directing that charges should be preferred, in deciding the validity of these charges, and finally, as the presiding officer of the Grand International Division in confirming his former decisions. Courts will not sanction expulsion and forfeiture of property rights upon any other conclusion than that there has been a fair trial and

a verdict of guilty before an impartial tribunal: State v. Fraternal Mystic Circle, 9 Ohio C. C. 364; Otto v. Journeymen Tailors Union, 75 Cal. 308; Von Arx v. San Francisco G. Verein, 113 Cal. 377. The procedure in this case from its incipiency to final judgment was conducted in such an irregular, illegal and arbitrary manner that the judgment must be considered as null and void.

The court below dismissed the bill after all the defendants named therein had entered their appearance except W. S. Stone, grand chief engineer, who resided in Cleveland, Ohio. An order was made for extra territorial service of the bill upon him, but before any return could be made thereto, the court entered its decree.

This defendant was instrumental in instituting the proceeding and as the decree is reversed, it is but proper that he should have his day in court to explain the unusual situation produced by his action.

We do not define for the brotherhood what is and what is not a labor organization, as they are to interpret the term. They undoubtedly have the right to impose reasonable conditions of eligibility upon the membership, and to prohibit their members from being identified with organizations that may be from their standpoint, inimical to their interests. However, the right of the court is unquestioned to require them to follow the lines they set for themselves in determining the rights of members under their own law. So far as appears by this record, the incorporated association which the appellant joined was a legal one, it being incorporated under the laws of Pennsylvania, and whether his membership in such organization was contrary to the laws of the brotherhood is a matter to be legally determined after a fair trial by the older organization. But to oust him from his membership therein, due process of law and trial according to law must be had.

The decree is reversed, the record remitted to the court below with a procedendo.