[Sac. No. 4816. In Bank.—August 24, 1937.]

PETER KALOUTSIS et al., Appellants, v. S. MALTOS et al., Respondents.

Edward T. Taylor for Appellants.

No appearance for Respondents.

LANGDON, J.—This is an action to enjoin a proceeding pending between the parties in the justice's court.

Plaintiffs Kaloutsis and Papulis were engaged with defendant Maltos in a joint venture, raising and marketing vegetables. A dispute having arisen between them, Maltos commenced an action against Kaloutsis and Papulis, in the justice's court, attaching equipment of the joint venture. Thereafter, Kaloutsis and Papulis, as plaintiffs, commenced this action against Maltos in the superior court, seeking relief with respect to the same controversy, in the sum of $649.94, which amount was beyond the jurisdiction of the justice's court; and also praying that the first action, in the justice's court, be restrained pending determination of the superior court proceeding. The lower court issued a temporary restraining order, but thereafter denied the application for an injunction. Plaintiffs appealed.

Respondents have filed no brief, and no oral argument was made. The matter was argued orally in the lower court, and there is nothing in the record to show why the relief sought for was denied. Under these circumstances, appellants are entitled to a reversal, for the rule is well settled that where a defendant in a justice's court action has a claim against the plaintiff arising out of the same transaction, but in excess of the jurisdiction of the court, he may bring a suit in the superior court, and then enjoin the justice's court action, in order that the entire controversy may be settled in the court which has jurisdiction over the larger claim. (*Gregory* v. *Diggs*, 113 Cal. 196 [45 Pac. 261]; *Engleman* v. *Superior Court*, 105 Cal. App. 754 [288 Pac. 723]; *Kane* v. *Mendenhall*, 5 Cal. (2d) 749, 756 [56 Pac. (2d) 498].)

The judgment is reversed with directions to the trial court to grant the injunction as prayed for.

Edmonds, J., Curtis, J., Seawell, J., and Nourse, J., *pro tem.*, concurred.