[Civ. No. 18416. Second Dist., Div. Three. Jan. 15, 1952.]

MARY M. CURL, Respondent, v. PACIFIC HOME (a Corporation), Appellant.

Newby, Holder & Newby for Appellant.

Edward L. Butterworth and Bruce H. Thomas for Respondent.

VICKERS, J. pro tem.—The defendant corporation maintains the Pacific Home as a home for elderly people. In 1941 the parties hereto entered into a written contract whereby plaintiff paid defendant $6,050 and defendant accepted her as a life member of the home and agreed to provide her with "room 201 over the dining hall" and with board, laundry and medical care. Plaintiff, who at the time was 65 years of age, thereupon entered the home and continued to reside therein and receive the specified benefits until June 7, 1950. On that day she was informed by the superintendent that her life membership and the benefits thereof to her had been cancelled by the board of directors and that she must leave the home immediately. Plaintiff

refused to recognize the attempted cancellation and defendant filed an action in unlawful detainer in the municipal court. Prior to service of process in that action plaintiff filed this action and secured a temporary order restraining the defendant, pending the hearing of an order to show cause, from prosecuting that action. The order required the defendant to show cause why it should not be enjoined, pending the action, from interfering with plaintiff in the enjoyment of her room and the board, laundry and other services to which she was entitled under the contract and from proceeding further with the unlawful detainer action. Plaintiff filed supporting affidavits and defendant filed a demurrer and counteraffidavits. After a hearing the court overruled the demurrer and ordered a preliminary injunction issued in the language of the order to show cause.

Appellant attacks the order on various grounds. Its principal contentions are that the complaint fails to state a cause of action for declaratory relief and that neither it nor the supporting affidavits state facts sufficient to justify the issuance of a preliminary injunction. By her complaint, in addition to the facts set forth above, plaintiff made the following allegations: That during the early part of 1950 many of the members of the conference of the Methodist Church, who were members of defendant corporation, became dissatisfied with the administration of the home by the superintendent and instituted an investigation; that during the course thereof plaintiff, at the request of such members, advised them of facts that were unfavorable to the superintendent; that he became cognizant thereof and adopted a malicious and fraudulent scheme to have plaintiff and others who had given similar information expelled from the institution; that in pursuance of such scheme the superintendent caused certain false charges to be lodged against her with the board of directors and on May 24, 1950, without any notice to her, caused her to be called from her lunch, brought before himself and two others, where for the first and only time she was informed of the charges against her, and asked to immediately state her case; that the superintendent caused this to be done so that she would be taken by surprise and be so confused and shocked that she would not be able to defend herself; that no witnesses against her were called and she had no opportunity to prepare her case or to call her witnesses; that she was wholly unprepared and was surprised and shocked by the proceeding and could not properly defend

herself; that she denied the charges and was dismissed and that the superintendent in pursuance of his fraudulent scheme told her that if she spoke to anyone regarding the incidents she would jeopardize her position; that on June 7, 1950, she received a letter, signed by the superintendent, stating that the board of directors at a meeting held June 6, 1950, had purported to cancel her life membership in the home; that the superintendent told her she must leave at once and that no part of the $6,050 paid by her would be refunded; that she has faithfully abided by the rules, regulations and bylaws of the home, that no just cause for dismissal has arisen, and that the attempt by defendant to oust her and to terminate her membership was and is unlawful and void; that under the contract she could not be dismissed unless she was given sufficient notice to enable her to prepare for a hearing before the board of directors, and an opportunity to. there present her witnesses and her defense to the charges; that plaintiff is without funds to maintain herself away from the home and that if the attempt to dismiss her is successful she will be irreparably injured and become partially destitute and a possible charge upon the public.

Plaintiff prayed for a declaration of the rights, duties and obligations of the parties under the contract and for a preliminary injunction, pending final judgment, preventing defendant from evicting her from the home, from attempting to terminate the contract and from proceeding with the unlawful detainer action. She also prayed for a permanent injunction to the same effect.

The portion of the contract upon which the respondent relies provides that she agrees to the rules and regulations of the home and that "the Board of Directors of the Home reserves the right to dismiss any member of the Home for any just cause and that . . . [such action] shall be final and conclusive." The contract also provides that the board of directors shall have the right to retain from the money theretofore paid by a dismissed member, a sum not to exceed $100 per month while the member enjoyed the benefits of the home.

It appears to us that plaintiff has clearly stated a cause of action for declaratory relief and that an action for damages, as appellant suggests, would not lie under the allegations of the complaint and that such relief would not be adequate. Appellant misconceives respondent's action as one resulting from the termination of the contract. On the contrary the action is on a contract that is still in full force

and effect because it was not terminated for "just cause" as provided therein and the purported termination was done in a manner contrary to the law of this state. There being a controversy as to the meaning of the terms of an existing contract respondent is entitled to a declaration of the right and duties of the parties as provided for in Code of Civil Procedure, section 1060. ■ The fact that another remedy may be available does not prevent respondent from seeking such a declaration. In the case of *Maguire* v. *Hibernia S. & L. Soc.*, 23 Cal.2d 719 [146 P.2d 673, 151 A.L.R. 1062], the Supreme Court at page 732 said: ". . . all [authorities] agree that before a court may properly exercise its discretion to refuse relief on that ground [existence of other remedies], it must clearly appear that the asserted alternative remedies are available to the plaintiff and that they are speedy and adequate or as well suited to the plaintiff's needs as declaratory relief. [Citing cases.]" It can hardly be argued that damages would be adequate or capable of compensating respondent for being driven from her home and deprived of the benefits thereof, to which she was entitled under the contract, for the balance of her life.

■■ Appellant contends that since the contract provides that the action of the board in dismissing a member "shall be final and conclusive," respondent's rights under the contract have been concluded. However appellant fails to give due consideration to that part of the contract, immediately preceding such provision, which states that a member may be dismissed "for any just cause." According to the complaint not only is it alleged that there was no truth to the charges but that the action of the board was the result of the fraudulent scheme of the superintendent to deprive plaintiff of her membership. Even though there was no "just cause" provision respondent would be entitled to notice of hearing and an opportunity to be heard at a fair trial. This rule of law is well set forth in the case of *Taboada* v. *Sociedad Espanola etc. Mutua*, 191 Cal. 187 [215 P. 673, 27 A.L.R. 1508]. In that case the plaintiffs were members of a fraternal mutual benefit society and an attempt had been made to deprive them of their memberships. The bylaws of the society required notice of the accusation and a trial thereon before expulsion. The members of the society attempted to avoid this requirement by suspending the bylaws and then by *viva voce* vote expelling the plaintiffs. In granting a writ

of mandate to reinstate the plaintiffs the court at page 191 said: ''This right to a fair and impartial trial, contemplated and seemingly guaranteed by these sections, is not a mere pretense or shadow, but a real substantial, enforceable right. It is a fundamental principle of justice that no man can be condemned or prejudiced in his rights without an opportunity to make his defense. This rule is not confined alone to courts of justice and strictly legal tribunals, but is applicable to every tribunal which has the power and authority to adjudicate questions involving legal consequences. And a society acting upon the expulsion of a member is a *quasi*-judicial body and its hearing is a *quasi*-judicial hearing. (*Otto* v. *Tailors' P. & B. Union,* 75 Cal. 308 [17 P. 217, 7 Am.St.Rep. 156].) The proceedings of the society, in order to be regular and legal, in effect, must, therefore, provide for notice to the accused and afford him an opportunity to be heard. (*Fay* v. *Supreme Tent, Knights of the Maccabees of the World,* 38 Misc.Rep. 427 [77 N.Y.S. 994, 996].)

''Indeed, it has been held that even though the by-laws expressly provide for the expulsion of a member without a trial such a provision is void and an expulsion in pursuance of such a by-law is not binding. (*Ludowiski* v. *Polish Roman Catholic etc. Benev. Soc.,* 29 Mo.App. 337; *People ex rel. Schmitt* v. *Saint Franciscus Benevolent Soc.,* 24 How.Pr. (N.Y.) 216, 221; *Berkhout* v. *Supreme Council Royal Arcanum,* 62 N.J.L. 103 [43 A. 1].) . . .

''It has been held that in the absence of by-laws covering the subject that a member is entitled to a fair trial after due notice and that the procedure in such cases is to be analogous to ordinary judicial proceedings so far as necessary to render substantial justice. (*People ex rel. Meads* v. *Alpha Lodge,* 13 Misc.Rep. 677 [35 N.Y.S. 214, 218]; *Wachtel* v. *Noah Widows & Orphans' Ben. Soc.,* 84 N.Y. 28 [38 Am.Rep. 478]; *Simmons* v. *Syracuse,* 56 Hun. 645 [10 N.Y.S. 293, 294]; *Fritz* v. *Muck,* 62 How.Pr. (N.Y.) 69, 74.) In *Von Arx* v. *San Francisco Gruetli Verein,* 113 Cal. 377, 379 [45 P. 685, 686], this court said: 'Where there are no by-laws, a court will inquire whether or not an expelled member has had a reasonable notice of the proceeding which resulted in his expulsion and a fair opportunity of presenting his defense in accordance with general principles of law and justice.' ''

Appellant also contends that the remedy of injunction is not available to respondent because she in effect is asking for specific performance of a personal service contract and

of a contract that calls for a succession of acts by defendant. Whether or not this contract falls within either classification is beside the question at this stage of the proceedings. Respondent is seeking a declaration of the rights and duties of the parties under the contract and a fair hearing, after due notice, by the board of directors before being dismissed from the home. As we have found she is entitled to that declaration and to such notice and hearing. ■ Pending such a declaration and determination as to whether she was given such notice and hearing she is entitled to have the situation created by the contract remain unchanged and to enjoy her home of nine years (room 201) and the other benefits granted her by the contract. The only legal remedy by which she can be so protected is by a preliminary injunction. The court properly exercised its discretion and by issuing such an injunction gave her the protection to which she was entitled under Code of Civil Procedure, section 526, subsections 1, 3, 4, 5 and 6. The extent of the relief, if any, to which she will be finally entitled can only be determined at the time of trial.

■ The portion of the injunction that enjoins the appellant from proceeding further with the municipal court action is clearly proper since the superior court through the service of process first obtained jurisdiction (see Code Civ. Proc. § 416, and *Gorman* v. *Superior Court,* 23 Cal.App.2d 173 [72 P.2d 774]), and the equitable relief which respondent seeks and to which she appears to be entitled is in excess of the jurisdiction of the municipal court (see *Kaloutsis* v. *Maltos,* 9 Cal.2d 493 [71 P.2d 68], and *Engleman* v. *Superior Court,* 105 Cal.App. 754 [288 P. 723]).

The order is affirmed.

Shinn, P. J., and Vallée, J., concurred.