[Civ. No. 15487. Second Dist., Div. Two. Oct. 9, 1946.]

HARVEY MACHINE CO., INC. (a Corporation), Appellant, v. LUCY ALVAREZ et al., Respondents.

Hindin, Weiss & Girard for Appellant.

No appearance for Respondents.

McCOMB, J.—From a judgment in favor of defendants predicated upon the sustaining of their demurrer to a complaint for declaratory relief, plaintiff appeals.[1]

The undisputed facts are these:

It was alleged in the complaint that plaintiff and defendants had entered into a written contract commonly known as a collective bargaining agreement and that a dispute had arisen between the parties as to the interpretation of certain provisions in such agreement. The agreement was made a part of the complaint and attached thereto. In the agreement were appropriate clauses providing for arbitration of disputes be-

---

[1] It is to be noted that defendants have not favored this court with either a brief or oral argument.

tween the parties arising under the contract. Plaintiff prayed that the court declare its rights, duties and obligations under the terms of the written agreement.[2]

Defendants demurred to the complaint on the grounds that (1) it failed to state a cause of action, and (2) the court had no jurisdiction of the subject matter of the action because the agreement contained a clause providing for arbitration of any

[2]Omitting the title of the court and cause the complaint read as follows:

"Comes now the plaintiff and for cause of action against the defendants and each of them allege:

I

"That at all times herein alleged the plaintiff was and is a corporation organized and existing under the laws of the State of California and having its principal place of business in the County of Los Angeles, State of California.

II

"That at all times mentioned herein the defendants Western Mechanics Local Union #700 and the International Union, Mine, Mill and Smelter Workers, C.I.O. were and are unincorporated associations, organized and operating as trade unions and acting as the collective bargaining representatives of the employees of the plaintiff corporation. That at all times mentioned herein. the defendant Aaron Weiselman was and is an agent, and officer of the defendant unions and an employee of the plaintiff corporation. . . .

III

"That on or about the 17th day of August 1944 the plaintiff and the defendant unions and each of them made and executed an agreement in writing, hereinafter referred to as the collective bargaining agreement, a copy of the said agreement being attached hereto and incorporated herein by reference thereto as fully as if the said agreement were set forth in detail in the body of this complaint, and marked Exhibit 'A'.

IV

"That at all times mentioned herein the defendants Aaron Weiselman and Lucy Alvarez were and are employees of the plaintiff corporation.

"That the defendant Aaron Weiselman and the defendant Lucy Alvarez on or about the 27th day of June 1945 and the 7th day of June 1945 respectively, were issued a warning notice by the plaintiff. That a copy of the said warning notices are attached hereto and incorporated herein by reference thereto and marked exhibits 'B' and 'C' respectively. That thereafter the aforesaid defendants executed and delivered to the plaintiff instruments in writing entitled 'grievances,' and copy of which said grievances are attached hereto and incorporated herein by reference thereto and marked Exhibits 'D' and 'E' respectively. That the aforesaid defendant, Aaron Weiselman, has not been discharged by the plaintiff but is still in the employ of the plaintiff. That the defendant, Lucy Alvarez, was discharged by the plaintiff on July 12, 1945 for reasons and grounds different and distinct from matters specified in the aforesaid warning notices.

V

"That an actual controversy has arisen between the parties concerning the interpretation of the collective bargaining agreement and the respective rights, duties, and obligations of the parties hereto as is more fully

grievance or dispute arising under the terms of the agreement and that plaintiff had not alleged that it had exhausted its remedy under the arbitration clause in the contract. The demurrer was sustained.

There are two questions necessary for us to determine which will be stated and answered hereunder seriatim:

■ First: *Did the complaint state a cause of action?*

This question must be answered in the affirmative. The law is established in California that a complaint for declaratory relief is legally sufficient if it sets forth facts showing the existence of an actual controversy relating to the legal rights and duties of the respective parties under a written contract and requests that these rights and duties be adjudicated by the court. (*Columbia Pictures Corp.* v. *DeToth*, 26 Cal.2d 753, 760 [161 P.2d 217, 162 A.L.R. 747].) In the instant case the complaint met each of the foregoing requirements.

■ Second: *Was it a condition precedent to plaintiff's right to maintain an action for declaratory relief that it allege compliance or an attempt by it to comply with the arbitration clause set forth in the contract?*

This question must be answered in the negative. Declaratory relief is a proper remedy to ascertain whether any particular grievance arising under a written contract is properly subject to arbitration under an arbitration clause in an agree-

---

set forth hereinafter, and a declaration of the such rights, duties, and obligations of the parties is sought the plaintiff by this action.

VI

''Plaintiff contends that under the terms of the collective bargaining agreement as is hereinabove set forth, a warning notice is not the proper subject matter of a grievance unless and until the employee is finally discharged or terminated on the same grounds and for the same cause as specified in the warning notice. Plaintiff further contends that the alleged grievances attached hereto and marked exhibits 'D' and 'E' respectively do not constitute grievances which are subject to the grievance procedure and arbitration by the parties. The defendants contend to the contrary.

''Wherefore, plaintiff prays that the defendants appear in the within action and set forth their respective claims, and that

''1. The court declare the rights, duties, and obligations of the parties under the terms of the collective bargaining agreement and

''2. The alleged grievances of the defendants Aaron Weiselman and Lucy Alvarez a copy of which are attached hereto and marked exhibits 'D' and 'E' respectively be declared by the court not to be constitute grievances within the meaning of the aforesaid collective bargaining agreement and that they are not subject to the grievance procedure and arbitration under the terms of the collective bargaining agreement,

''3. For costs of suit and

''4. For such other and further relief as to the court may seem meet, just and equitable in the premises.''

ment. (*Texoma Nat. Cas. Co.* v. *Oil Workers,* 58 F.Supp. 132, 134 et seq. (affirmed in 146 F.2d 62; certiorari denied by the U.S. Supreme Court, 324 U.S. 872, 67 S.Ct. 1017, 89 L.Ed. 1426).)

In view of the foregoing rule it was unnecessary for plaintiff to allege in its complaint compliance or an attempt to comply with the terms of the arbitration clause in the contract prior to instituting the instant suit.

For the foregoing reasons the judgment is reversed with directions to the trial court to overrule defendants' demurrer and to allow them a reasonable time within which to answer plaintiff's complaint if they be so advised.

Moore, P. J., and Wilson, J., concurred.