[Civ. No. 29700.   Second Dist., Div. Five.   May 5, 1967.]

FARMERS INSURANCE EXCHANGE, Plaintiff and Respondent, v. JOHN A. RUIZ et al., Defendants and Appellants.

Richard de Bro for Defendants and Appellants.

Kenneth H. Wechsler and Early, Maslach, Foran & Williams for Plaintiff and Respondent.

HUFSTEDLER, J.—This is an appeal from an order granting respondent's motion for a preliminary injunction enjoining appellants from continuing an arbitration filed by appellant John Ruiz, one of the heirs at law of decedent John Ruiz, to recover damages pursuant to an uninsured motorist's endorsement in a policy issued by respondent.

Farmers Insurance Exchange ("Farmers") issued an automobile liability policy to John A. Ruiz containing the uninsured motorist endorsement required by section 11580.2 of the Insurance Code. John Ruiz, the brother of John A. Ruiz, was pushing a stalled vehicle when he was struck and fatally injured by an automobile driven by an uninsured motorist. Appellant John A. Ruiz filed a demand for arbitration with the American Arbitration Association requesting arbitration under the terms of the policy which Farmers issued to John A. Ruiz.

Farmers filed a complaint for declaratory relief and for an injunction to prevent the arbitrators from continuing with the arbitration proceedings until the court decided the action for declaratory relief. Farmers in its complaint for declaratory relief alleged a controversy between itself and the heirs of the decedent over the question whether the decedent was an insured under the policy which it had written in favor of John A. Ruiz. Farmers took the position that the decedent was not an insured within the meaning of the policy because at the time of his injury and death the decedent was not residing in John A. Ruiz's household and was therefore excluded from the policy provision defining the insured to include "relatives of the named insured who are residents of the same household." It is undisputed that the automobile which struck and killed the decedent was owned and operated by an uninsured motorist.

An order to show cause why a preliminary injunction should not be granted was issued. Appellants filed points and authorities in opposition to the motion and affidavits from some of the Ruiz heirs stating that the decedent was a resident of John A. Ruiz's household at the time of the accident and at the time of his death. No evidence in addition to the verified complaint and the affidavits was offered at the hearing of the order to show cause. An order was granted enjoining appellants from continuing the arbitration during the pen-

dency of the proceedings upon the declaratory relief complaint.

The first issue presented on the appeal is: Does jurisdiction to decide the question whether the decedent was an insured under the policy reside solely in the court, or is that question referrable to arbitration? We hold that the court had exclusive jurisdiction to decide the preliminary question whether the claimant was an insured within the meaning of the policy.[1]

The critical clause in the Ruiz policy states: "In the event the insured and the Company do not agree that the insured is legally entitled to recover damages from the owner or operator of an uninsured motor vehicle under this Part II or *do not agree as to the amount of payment which may be owing hereunder,* then, upon written demand of either, the matter or matters upon which the insured and the Company do not agree shall be settled by arbitration in accordance with the rules of the American Arbitration Association." [Italics added.] The language of the Ruiz policy, excepting the italicized language, is a substantial repetition of the provisions of subdivision (e) of section 11580.2 of the Insurance Code, which provides, in pertinent part: "The policy or an endorsement added thereto shall provide that the determination as to whether the insured shall be legally entitled to recover damages. and if so entitled, the amount thereof, shall be made by agreement between the insured and the insurer or, in the event of disagreement, by arbitration."

An insurance clause which repeats the language of subdivision (e) of section 11580.2 without material change requires arbitration solely of the issues relating to the liability of the uninsured motorist to the insured, and it excludes therefrom the determination of the amount of money which the insurance company must pay to its insured and likewise excludes the preliminary question whether there is a

---

[1]The fact that appellant John A. Ruiz was an "insured" in the sense that he took out the policy is irrelevant to this controversy. Arbitration was commenced in Ruiz's capacity as an heir of the decedent seeking recovery for the decedent's wrongful death. If the decedent is not an insured, appellant Ruiz is not an insured for the purpose of this action. Subdivision (b) of section 11580.2 of the Insurance Code defines "insured" as "the named insured and the spouse of the named insured and relatives of either while residents of the same household while occupants of a motor vehicle or otherwise, heirs and any other person while in or upon or entering into or alighting from an insured motor vehicle and any person with respect to damages he is entitled to recover for care or loss of services because of bodily injury to which the policy provisions or endorsement apply."

valid and subsisting agreement to arbitrate. (*Commercial Ins. Co. of Newark, N. J.* v. *Copeland* (1967) 248 Cal.App.2d 561, 564-565 [56 Cal.Rptr. 794]; cf. *Aetna Cas. & Surety Co.* v. *Superior Court* (1965) 233 Cal.App.2d 333, 337 [43 Cal.Rptr. 476]; *Pacific Indem. Co.* v. *Superior Court* (1966) 246 Cal.App.2d 63, 67-68 [54 Cal.Rptr. 470].)

██ If the claimant is conceded to be an insured within the meaning of the policy and the controversy between the insured and his insurance company concerns the amount payable from the insurance company to the claimant, the italicized words of the Ruiz clause constitute an agreement to submit that controversy to arbitration. (*Fisher* v. *State Farm Mut. Auto Ins. Co.* (1966) 243 Cal.App.2d 749, 750, 751-753 [52 Cal.Rptr. 721].) The existence of the italicized phrase, construed in *Fisher*, however, does not render arbitrable the question whether the claimant is an insured.[2] ██ The Ruiz clause does not purport to add anything in this respect to subdivision (e) of section 11580.2 of the Insurance Code. The conclusion follows that the trial court was correct in withdrawing from arbitration the preliminary issue of the claimant's status as an insured.

██ The appellant complains that the record before the trial court was not adequate to warrant the issuance of a preliminary injunction restraining the pending arbitration because Farmers did not establish by competent evidence that the decedent was not a resident of the Ruiz household at the time of his death. The trial court in issuing a preventive preliminary injunction was not called upon to decide the merits of the insurance company's claim that there was no coverage. (*Miller & Lux* v. *Madera Canal & Irr. Co.* (1909) 155 Cal. 59, 62-63 [99 P. 502, 22 L.R.A. N.S. 391]; *Bo Kay Chan* v. *Gerdon Land Co.* (1951) 103 Cal.App.2d 724, 727, 728 [230 P.2d 1].) The existence of a justiciable controversy

---

[2] In *Fisher* v. *State Farm Mutual Auto Ins. Co.*, *supra*, the claimant was concededly an insured. We have no reason to decide whether the clause in *Fisher* which refers to an agreement between the company and "any person making claim hereunder" rather than to an agreement between the company and its "insured" renders arbitrable a dispute about whether the claimant is an insured.

*Jordan* v. *Pacific Auto Ins. Co.* (1965) 232 Cal.App.2d 127 [42 Cal. Rptr. 556], is not to the contrary. In *Jordan* the "insurance question" was the status of the tortfeasor as an uninsured motorist; there was no question about the status of the claimant as an insured.

In *Federal Mut. Ins. Co.* v. *Schermerhorn* (1965) 238 Cal.App.2d 900 [48 Cal.Rptr. 325], as in *Jordan*, the status of the tortfeasor as an uninsured motorist was challenged, not the status of the claimant.

concerning the coverage issue and the exclusive jurisdiction of the court to decide it was ascertainable from the face of the pleadings and the exhibits appended thereto. The purpose of the preliminary injunction was to maintain the status quo until the merits of that controversy could be decided. (*Cf. Curl v. Pacific Home* (1952) 108 Cal.App.2d 655, 661 [239 P.2d 481]; *Harvey Machine Co., Inc. v. Alvarez* (1946) 76 Cal.App.2d 427, 429-430 [173 P.2d 65].) Once the court decided that jurisdiction to adjudicate the coverage issue vested solely in the court, it properly issued a preliminary injunction to prevent submission of that issue to arbitration. (*Cf. Pacific Indem. Co. v. Superior Court,*[3] *supra,* 246 Cal. App.2d at p. 72 [54 Cal.Rptr. 470]; *Curl v. Pacific Home, supra,* 108 Cal.App.2d at p. 661.)

The second question presented on appeal is: Did the court err in granting a general, rather than a limited, preliminary injunction? The real basis of appellant's complaint is not that the court enjoined arbitration of the coverage issue, but that the preliminary injunction restrained arbitration in its entirety, including those issues which were clearly arbitrable. The trial court was fully aware of the competing considerations which must be taken into account in framing a preliminary injunction in this situation. If, after a trial on the merits of the coverage issue, it were determined that there was no coverage, an arbitration of the other issues during the interim would be nugatory. On the other hand, if arbitration of the issues relating to liability of the uninsured motorist to the claimant could be delayed for months or even years simply by the insurance company's filing an action to declare that no coverage existed, the benefits which the Legislature envisioned in enacting the uninsured motorist legislation may be illusory. The court asked counsel whether or not there was some way to shape an injunction to prevent the claimant's being "whip-sawed." Counsel were unable to supply the court with any authority to issue a limited injunction, and the court concluded that it had no power to do so.

Although we are aware of no authority which states expressly that the court may restrain the arbitration of a single issue which is outside the jurisdiction of the arbitrator, we believe that the court does have that power. There is no remedy at law to prevent an arbitrator from deciding an issue

---

[3] The *Pacific Indemnity* case, which held that exclusive jurisdiction was in the court to decide whether limitations barred arbitration, did not consider the possibility of issuing a limited preliminary injunction.

outside his jurisdiction. It is true that after an award has been made, an aggrieved party may move to vacate the award on the ground that the arbitrator exceeded his powers, if he can produce a record showing that the issue was decided by the arbitrator over the moving party's timely objection[4] and if he can further demonstrate that ''the award cannot be corrected without affecting the merits of the decision upon the controversy submitted.'' (Code Civ. Proc., § 1286.2, subd. (d).) The possibility of overturning an award in its entirety because the arbitrator wrongfully assumed jurisdiction over a single issue is not an attractive prospect for any of the litigants, and it can hardly be described as an adequate legal remedy to prevent an arbitrator's assertion of jurisdiction over an issue which is solely within the court's province.[5] The court's power to restrain an arbitration in its entirety is established. (*Pacific Indem. Co.* v. *Superior Court, supra,* 246 Cal.App.2d at p. 72 [54 Cal.Rptr. 470].) That power includes the lesser power to enjoin arbitration of a single issue. The severance of one issue from a controversy which is the subject of proceedings both in the court and in arbitration by the use of a stay is not a novelty. If a court has ordered arbitration of a controversy which is an issue involved in a pending court proceeding, the court has power to stay the court proceeding until arbitration is concluded ''or until such earlier time as the court specifies,'' and if ''the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only.'' (Code Civ. Proc., § 1281.4.[6]) There is no convincing reason why the power to

---

[4]If jurisdiction to decide jurisdiction is itself submitted to the arbitrator, the jurisdictional question cannot be raised thereafter to attack the award. (*Fidelity & Cas. Co.* v. *Dennis* (1964) 229 Cal.App.2d 541, 543-544 [40 Cal.Rptr. 418]; see also *Jordan* v. *Pacific Auto Ins. Co., supra,* 232 Cal.App.2d at pp. 131-132.

[5]It is frequently difficult or impossible to produce a record from an arbitration which will support a motion to vacate because arbitrators are not required to find facts or to give reasons for their award, and the award itself will rarely show on its face the disposition of the jurisdictional issue. (See, *e.g., Ulene* v. *Murray Millman of Cal.* (1959) 175 Cal.App.2d 655, 661, 662 [346 P.2d 494].)

[6]Section 1281.4 provides: ''If a court of competent jurisdiction, whether in this State or not, has ordered arbitration of a controversy which is an issue involved in an action or proceeding pending before a court of this State, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.

''If an application has been made to a court of competent jurisdiction,

748

stay adjudication of a single issue in a court proceeding should be substantially different from the power to stay a single issue in a pending arbitration.[7] The decision to enjoin a pending arbitration in its entirety, or to enjoin arbitration of a single issue of which exclusive jurisdiction rests in the court, is committed to the trial court's sound discretion. ■ In exercising that discretion the court shall take into account those equitable considerations which have traditionally affected the granting or denial of a preliminary injunction, such as the effectiveness of the relief sought, the nature of the harm which may result if relief be denied and the appropriate balancing of the conveniences of the parties (see, e.g., 27 Cal.Jur.2d, Preliminary Injunctions, § 8, p. 109 et seq.), and those considerations which are peculiarly applicable in staying an arbitration pending adjudication of a severed issue, such as the amount of delay which may be occasioned by a stay pending adjudication of the severed issue, the effect of delay upon the availability of evidence on the issues to be arbitrated, the extent to which the severed issue may make the arbitration unnecessary and the extent to which concurrent arbitration may render adjudication of the severed issue unnecessary.

whether in this State or not, for an order to arbitrate a controversy which is an issue involved in an action or proceeding pending before a court of this State and such application is undetermined, the court in which such action or proceeding is pending shall, upon motion of a party to such action or proceeding, stay the action or proceeding until the application for an order to arbitrate is determined and, if arbitration of such controversy is ordered, until an arbitration is had in accordance with the order to arbitrate or until such earlier time as the court specifies.

"If the issue which is the controversy subject to arbitration is severable, the stay may be with respect to that issue only. (Added Stats. 1961, ch. 461, p. 1541, § 2.)"

See also § 1281.2 of the Code of Civil Procedure, the final paragraph of which states: "If the court determines that there are other issues between the petitioner [the party seeking an order compelling arbitration] and the respondent which are not subject to arbitration and which are the subject of a pending action or special proceeding between the petitioner and the respondent and that a determination of such issues may make the arbitration unnecessary, the court may delay its order to arbitrate until the determination of such other issues or until such earlier time as the court specifies."

[7]It would of course be desirable to have the entire matter adjudicated in one tribunal. The parties may avoid a bifurcated proceeding by agreeing to submit the entire matter to arbitration. (*Fidelity & Cas. Co.* v. *Dennis, supra,* 229 Cal.App.2d at pp. 543-544.) But if they do not agree and if therefore no tribunal has jurisdiction to decide all of the issues, separate proceedings are inevitable. Indeed, the present statutory procedure for the adjudication of claims submitted to arbitration contemplates both arbitration and subsequent court proceedings to confirm, vacate or modify an award.

Because the trial court believed it had no power to grant a limited injunction, it did not exercise the discretion thus committed to it.

Insofar as the order restrained the parties from arbitrating the coverage issue, the order is affirmed. In all other respects, the order is reversed.

Kaus, P. J., and Stephens, J., concurred.