[Civ. No. 32757. Second Dist., Div. Five. Apr. 23, 1969.]

JOSEPH A. HERNANDEZ et al., Plaintiffs and Appellants, v. STATE FARM INSURANCE COMPANY, Defendant and Respondent.

Sanz & Gelber for Plaintiffs and Appellants.

Spray, Gould & Bowers and Eugene R. Grace for Defendant and Respondent.

KAUS, P. J.—This is a purported appeal from an order confirming an arbitration award and denying a petition to vacate the award. We construe the appeal as being from the judgment entered pursuant to the award. (Code Civ. Proc., § 1294.)

The first time either side to this dispute sought the aid of the superior court was after the arbitration had been completed and the arbitrators had found that petitioners Joseph A. and Beatrice Hernandez were not entitled to reimburse-

ment under the uninsured motorist provision of their policy issued by respondent State Farm Insurance Company ("State Farm").[1]

There apparently is no doubt concerning the basic facts which give rise to petitioners' claim. An automobile, the driver of which was never identified, suddenly swerved in front of a vehicle driven by one Booth. This maneuver caused Booth to lose control of his car and bounce into a freeway divider fence, where petitioners' car collided with the Booth vehicle.

Booth was an uninsured motorist. Unfortunately, from petitioners' point of view, the arbitrators found that the only negligent party was the unidentified driver whose car never came in contact with either Booth's or petitioners' automobile. Applying the provision of section 11580.2 of the Insurance Code which excludes from the definition of "uninsured motor vehicle" a car whose owner or operator is unknown, unless there has been "physical contact of such automobile with the insured or with an automobile which the insured is occupying" (Ins. Code, § 11580.2, subd. (b)(1)),[2] the arbitrators found that there was no coverage.

Petitioners then filed their petition for an order vacating the award. As already noted, this was the first pleading which brought this matter to the attention of the court. The petition was denied, the award was confirmed, findings and conclusions (Code Civ. Proc., § 1291) were waived and a judgment was entered. (Code Civ. Proc., § 1287.4.)

■ On appeal petitioners contend that for various reasons the contact requirement was not applicable to them.[3]

Whether or not the purely legal question which petitioners now raise was arbitrable, is a matter of some doubt. While

---

[1]The precise name of respondent is in doubt. In its own pleading it calls itself "State Farm Mutual Automobile Insurance Company." In petitioners' petition it was referred to simply as State Farm Insurance Company.

[2]A provision in State Farm's policy was to the same effect.

[3]Although we have no occasion to consider the merits of petitioners' position, it should be noted that the leading case interpreting section 11580.2, subdivision (b)(1) of the Insurance Code, *Inter-Insurance Exchange* v. *Lopez*, 238 Cal.App.2d 441 [47 Cal.Rptr. 834], by dictum, intimates strongly that petitioners are incorrect: ". . . For example, if Car X had swerved in front of Car B causing it to lose control and strike Car C, then the act of Car X would have been the proximate cause of the accident without having touched either Car B or Car C. If the physical contact requirement of the statute could be satisfied by merely showing that the hit-and-run vehicle was the proximate cause of the accident, then this provision would be largely written out of the statute. . . ." (238 Cal.App.2d at p. 444.) Petitioners argue that the only purpose of the contact requirement was the elimination of fictitious claims

*Esparza* v. *State Farm Mut. Auto. Ins. Co.,* 257 Cal.App.2d 496 [65 Cal.Rptr. 245], so holds, the arbitration clause in the policy that was involved in *Esparza* was broader than is required by section 11580.2.[4] On the other hand in *American Ins. Co.* v. *Gernand,* 262 Cal.App.2d 300, 304-305 [68 Cal. Rptr. 810] the arbitration clause was of the "narrow" variety, yet a factual issue involving the "contact" problem was held to be subject to arbitration.[5]

Whether or not petitioners could have been compelled to submit the question which they now raise to arbitration, it is plain that they submitted it. There is nothing in the record to indicate that they did so under protest. (Cf. *Farmers Ins. Exchange* v. *Ruiz,* 250 Cal.App.2d 741, 747 [59 Cal.Rptr. 13].) Any right that they may have had to have their present legal contention resolved by the superior court was therefore waived. (*Fidelity & Cas. Co.* v. *Dennis,* 229 Cal.App.2d 541, 543-544 [40 Cal.Rptr. 418].) Even if the arbitrator's decision on the legal issue here involved was wrong—which we do not decide—petitioners are bound by it. (*Durand* v. *Wilshire Ins. Co.,* 270 Cal.App.2d 58, 60-61 [75 Cal.Rptr. 415] and authories cited therein.)

The judgment is affirmed.

Stephens, J., and Aiso, J., concurred.

and that their claim is obviously not fictitious, the arbitrators having found that the automobile driven by the unidentified motorist really was the cause of their collision with Booth. This obviously proves too much. The Legislature must have meant more than just to eliminate fictitious claims which arbitrators do not believe to be true.

[4]The distinction between broad and narrow arbitration clauses was adverted to in *Fisher* v. *State Farm Mut. Auto. Ins. Co.,* 243 Cal.App.2d 749, 752 [52 Cal.Rptr. 721] fn. 2.

[5]The problem is that section 11580.2 of the Insurance code provides for arbitration of just two issues: 1. whether the insured is legally entitled to recover damages; and 2. the amount thereof. (Ins. Code, § 11580.2, subd. (e).) Thus, unless the right to a judicial determination is waived by proceeding to arbitration, the following issues between insurer and insured have been held not to be arbitrable: *Pacific Auto. Ins. Co.* v. *Lang,* 265 Cal.App.2d 837, 842 [71 Cal.Rptr. 637] [factual question of contract]; *Campbell* v. *Farmers Ins. Exchange,* 260 Cal. App.2d 105 [67 Cal.Rptr. 175] [policy limits]; *Farmers Ins. Exchange* v. *Ruiz,* 250 Cal.App.2d 741, 745-746 [59 Cal.Rptr. 13] [question whether injured person additional assured]; *Commercial Ins. Co.* v. *Copeland,* 248 Cal.App.2d 561, 564-565 [56 Cal.Rptr. 794] [legal effect of release]. Cf. *Allstate Ins. Co.* v. *Orlando,* 262 Cal.App.2d 858, 866-867 [69 Cal. Rptr. 702]; *Pacific Indem. Co.* v. *Superior Court,* 246 Cal.App.2d 63, 66-68 [54 Cal.Rptr. 470]; and *Aetna Cas. & Surety Co.* v. *Superior Court,* 233 Cal.App.2d 333, 339-340 [43 Cal.Rptr. 476], all holding that the timeliness of a demand for arbitration under section 11580.2, subdivision (h) is not arbitrable.