6 Cal.App.3d 540 (1970)
86 Cal. Rptr. 178
BEREK N. FELNER et al., Plaintiffs and Respondents,
v.
MERITPLAN INSURANCE COMPANY, Defendant and Appellant.
Docket No. 34758.
Court of Appeals of California, Second District, Division Two.
April 13, 1970.
*542 COUNSEL
Steck & Marston and Paul H. Marston for Defendant and Appellant.
Sanford M. Gage for Plaintiffs and Respondents.
OPINION
FLEMING, J.
Meritplan Insurance appeals a superior court judgment confirming an arbitration award of $4,100 in favor of the Felners, an award based on the uninsured motorist coverage of their liability insurance policy.
At the arbitration hearing Meritplan disclaimed liability under the policy, claiming that no physical contact had occurred between the Felner automobile and the unidentified automobile which caused the accident and therefore the uninsured motorist coverage of the policy did not apply. Both sides presented evidence on this issue, and the arbitrator decided in favor of the Felners, finding that physical contact between vehicles had occurred. *543 Meritplan, in opposing confirmation of the arbitration award in the superior court, contended the court should conduct a new evidentiary hearing on the issue of physical contact, but the court rejected this contention and affirmed the award. On appeal, Meritplan argues procedural error because the superior court refused an evidentiary hearing on the issue of physical contact.
Section 11580.2 of the Insurance Code requires a motor vehicle liability insurance policy to provide coverage for injuries to the insured caused by an uninsured automobile. An uninsured automobile includes a hit-and-run automobile which had physical contact with the insured. Subdivision (f) declares that the parties to the policy shall determine  by agreement or by arbitration  whether the insured is legally entitled to recover damages, and, if so, the amount of the damages.
The Felner policy provided that "if any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured automobile because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under the coverage, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration ... and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof." (Italics added.)
(1) At bench the issue between the parties no longer involves the validity of the finding of physical contact between the insured and a hit-and-run automobile but rather the question whether the arbitrator or the superior court has ultimate authority to make a finding of physical contact between vehicles. Such a procedural controversy is to be settled by reference to the terms of the agreement authorizing the submission of the dispute to arbitration. On examining the Felner policy we conclude that its arbitration submission is broad enough to cover a dispute over the meaning of the term uninsured automobile (which for a hit-and-run automobile requires a finding of physical contact). We view the agreement to submit to the arbitrator the question whether the insured was "legally entitled to recover damages from the owner or operator of an uninsured automobile" as sufficiently comprehensive to include the subordinate question whether the vehicle which caused the accident was an uninsured automobile within the meaning of the policy. "It is for the arbitrators to determine which issues were actually `necessary' to the ultimate decision. (See Grunwald-Marx, Inc. v. Los Angeles Joint Board, 52 Cal.2d 568, 589-590 [343 P.2d 23].) Likewise, any doubts as to the meaning or extent of an arbitration agreement are for the arbitrators and not for the court to resolve. *544 (See O'Malley v. Wilshire Oil Co., 59 Cal.2d 482, 490-491 [30 Cal. Rptr. 452, 381 P.2d 188] (collective bargaining agreement.)" (Morris v. Zuckerman, 69 Cal.2d 686, 690 [72 Cal. Rptr. 880, 446 P.2d 1000]; Code Civ. Proc., § 1283.4.) (2) Since the issue of physical contact was properly before the arbitrator for decision, the only questions for the superior court to consider in confirming or vacating the arbitration award were whether there had been corruption or misconduct by the arbitrator and whether the arbitrator had improperly conducted the hearing or exceeded his powers in making his award. (Code Civ. Proc., § 1286.2.) The record indicates that the parties to the arbitration had been given an opportunity to litigate the issue of physical contact, that both sides took advantage of this opportunity, and that the arbitrator decided the issue in favor of the policyholders. Since the disputed issue fell within the terms of the submission, the superior court properly confirmed the award. (Jordan v. Pacific Auto. Ins. Co., 232 Cal. App.2d 127, 132 [42 Cal. Rptr. 556]; American Ins. Co. v. Gernand, 262 Cal. App.2d 300 [68 Cal. Rptr. 810]; Esparza v. State Farm Mut. Auto. Ins. Co., 257 Cal. App.2d 496, 500-501 [65 Cal. Rptr. 245] [hear. den.]; Federal Mut. Ins. Co. v. Schermerhorn, 238 Cal. App.2d 900 [48 Cal. Rptr. 325].)
(3) Even if the policy should be construed as one which did not authorize arbitration of the issue of physical contact between vehicles (a construction which we think would take away a substantial part of the benefits, speed, and economies of arbitration), once the insurer submitted the dispute to the arbitrator for decision, it waived any defect in the arbitrator's authority to decide this issue and waived any right to litigate the same issue in another tribunal. (Fidelity & Cas. Co. v. Dennis, 229 Cal. App.2d 541 [40 Cal. Rptr. 418]; Jordan v. Pacific Auto. Ins. Co., 232 Cal. App.2d 127 [42 Cal. Rptr. 556]; Hernandez v. State Farm Ins. Co., 272 Cal. App.2d 255 [77 Cal. Rptr. 196].) A party cannot gamble on a favorable outcome of a submitted issue and, having lost the gamble, then attack the validity of his submission to the tribunal which decided the issue against him. (O'Malley v. Petroleum Maintenance Co., 48 Cal.2d 107, 110 [308 P.2d 9]; Interinsurance Exchange of Auto. Club v. Bailes, 219 Cal. App.2d 830 [33 Cal. Rptr. 533]; Lofberg v. Aetna Cas. & Surety Co., 264 Cal. App.2d 306, 309 [70 Cal. Rptr. 269].)
(4) Appellant relies on Pacific Auto. Ins. Co. v. Lang, 265 Cal. App.2d 837 [71 Cal. Rptr. 637], to establish the proposition that a judicial finding of fact on physical contact is required. In that case the arbitrator made an uninsured motorist award in favor of the insured despite the arbitrator's own finding that there had been no physical contact between the unidentified *545 vehicle and the insured's vehicle. Thereafter, the superior court vacated the award, concluding that the arbitrator had exceeded his authority under the terms of the policy. On appeal, the Court of Appeal remanded the case to the trial court for an evidentiary hearing to determine the arbitrator's jurisdiction. The court said: "It appears from the record that when the matter came before the trial court, pursuant to the stipulation of counsel, the court did not receive evidence and make an independent judicial determination as to whether or not the insured automobile had any physical contact with the phantom automobile. A judicial determination of this factual issue necessarily must precede determination of the issue of law whether the arbitrator has jurisdiction to proceed. But here the trial court accepted the arbitrator's determination of the factual issue and rested thereon its own determination of the issue of law. This was error." (Pp. 842-843.) The reasoning in support of the order for a judicial finding on physical contact apparently ran somewhat as follows: the arbitrator had jurisdiction to make an award only if an unidentified uninsured motorist caused the injury; proof of the existence of an unidentified uninsured motorist depended on proof of physical contact between vehicles; physical contact between vehicles therefore became a jurisdictional fact; and determination of the existence of a jurisdictional fact must be made de novo by the trial court. The appellate court cited no authority in direct support of its conclusion but its opinion suggests that it relied on Farmers Ins. Exchange v. Ruiz, 250 Cal. App.2d 741 [59 Cal. Rptr. 13].)
There are substantial differences between the cause at bench on the one hand, and Lang and Ruiz on the other. In Lang the arbitrator specifically found an absence of physical contact between vehicles but nevertheless made an uninsured motorist award in favor of the claimant. In view of this apparent stultification of the arbitrator's award, the appellate court may have been pursuaded that an independent finding by the superior court on the issue of physical contact was an appropriate method of determining whether any basis existed for the arbitrator's award. In Ruiz, the disputed issue was the status of the claimant as an insured, and the appellate court ruled that exclusive jurisdiction to make that determination lay with the trial court. By contrast, in the cause at bench the status of the Felners as insured under the policy was not disputed, and the arbitrator found they had suffered bodily injury as a result of physical contact with a hit-and-run automobile. Such a factual determination is not reviewable by the trial court. "`Neither the merits of the controversy ... nor the sufficiency of the evidence to support the arbitrator's award are matters for judicial review.' (Jordan v. Pacific Auto. Ins. Co., 232 Cal. App.2d 127, 135 [42 Cal. Rptr. 556].)" (Morris v. Zuckerman, 69 Cal.2d 686, 691 [72 Cal. Rptr. 880, 446 P.2d 1000]; Code Civ. Proc., § 1286.2.) The distinctions *546 between the cause at bench and Jordan, on the one hand, and Lang and Ruiz, on the other, can reasonably justify different procedural treatment for the two groups of cases and serve as an acceptable ground of decision.
Nevertheless, we think we should point out that the procedural decisions under the uninsured motorist coverage are not fully harmonious with one another and not consistent with any single theory of judicial governance over arbitration. Two tendencies in the decisions appear particularly unfortunate. First, the resurrection of the concept of a judicial trial do novo for findings of jurisdictional fact. (Pacific Auto. Ins. Co. v. Lang, 265 Cal. App.2d 837, 842-843 [71 Cal. Rptr. 637].) The ghost of Crowell v. Benson, 285 U.S. 22 [76 L.Ed. 598, 52 S.Ct. 285], which attempted to decree judicial examination de novo of jurisdictional facts in administrative proceedings, a ghost long since exorcised from judicial review of administrative proceedings, has returned to haunt our more limited supervision over the proceedings of arbitration tribunals. A right to trial de novo of "jurisdictional facts," which appellant would extend to such details as physical contact between motor vehicles, could in the hands of skillful and resourceful counsel lead to a trial de novo of practically every factual issue in an arbitration, thereby turning a procedure designed to furnish prompt, continuous, expert, and inexpensive resolution of controversy into one carrying all the burdens and delays of civil litigation, overlaid by jurisdictional uncertainty between successive tribunals.
The second tendency which we find disturbing in uninsured motorist decisions involves the transfer of ultimate decision on issues from the arbitrator to the court. (5) Arbitration submissions are usually construed as broadly as possible in order that differences between the parties may be resolved quickly and economically. Under the rule of broad construction an arbitrator is authorized to determine all questions which he needs to determine in order to resolve the controversy submitted to him, and the arbitrator himself decides which questions need to be determined. (Code Civ. Proc., §§ 1280, subdivision (c), 1283.4; Morris v. Zuckerman, 69 Cal.2d 686 [72 Cal. Rptr. 880, 446 P.2d 1000]; Grunwald-Marx, Inc. v. Los Angeles Joint Board, Amalgamated Clothing Workers, 52 Cal.2d 568, 589-590 [343 P.2d 23]; cf. Prima Paint Corp. v. Flood & Conklin Mfg. Co., 388 U.S. 395 [18 L.Ed.2d 1270, 87 S.Ct. 1801]; United Steelworkers v. Warrior & Gulf Nav. Co., 363 U.S. 574 [4 L.Ed.2d 1409, 80 S.Ct. 1347].) Despite this general rule we find an increasing number of uninsured motorist decisions which have removed legal and factual issues from the arbitrators and transferred them to the courts.[1] Hand in hand with this *547 tendency goes increased procedural complexity, which makes use of actions for declaratory relief, writs to require arbitration, writs to prohibit arbitration, appeals from the grant or denial of provisional remedies, estoppels by judgment, and trials de novo for particular issues. The resulting uncertainty over which issues are reserved for the arbitrator and which are reserved for the court has complicated what was designed to be a simple procedure and lessened the usefulness of uninsured motorist arbitration as a speedy, inexpensive remedy for the resolution of routine controversies.
The kaleidoscopic pattern of decisions in this field must certainly be a difficult one for trial courts and arbitration tribunals to interpret. We think it would be helpful for the Supreme Court to clarify the somewhat confusing body of procedural law which has grown up in uninsured motorist coverage and indicate the scope of future arbitration submissions.
The judgment is affirmed.
Roth, P.J., and Herndon, J., concurred.
NOTES
[1] Physical contact between automobiles (Pacific Auto. Ins. Co. v. Lang, 265 Cal. App.2d 837 [71 Cal. Rptr. 637]); Definition of insured (Farmers Ins. Exchange v. Ruiz, 250 Cal. App.2d 741 [59 Cal. Rptr. 13]); Performance of conditions precedent (Allstate Ins. Co. v. Orlando, 262 Cal. App.2d 858 [69 Cal. Rptr. 702]); Policy limits (Campbell v. Farmers Ins. Exchange, 260 Cal. App.2d 105 [67 Cal. Rptr. 175]); Scope of release (Commerical Ins. Co. v. Copeland, 248 Cal. App.2d 561 [56 Cal. Rptr. 794]); Period of limitation (Pacific Indem. Co. v. Superior Court, 246 Cal. App.2d 63 [64 Cal. Rptr. 470]); Imputed contributory negligence (Allen v. Interinsurance Exchange of Auto. Club, 275 Cal. App.2d 636 [80 Cal. Rptr. 247]); Gross error of law (Allen v. Interinsurance Exchange of Auto Club, supra.)