[Civ. No. 1229. Fifth Dist. Dec. 17, 1970.]

BEULAH F. RODGERS, Plaintiff and Appellant, v.
STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
Defendant and Respondent.

**COUNSEL**

C. Ray Robinson and Carter Jay Stroud for Plaintiff and Appellant.

Silveira, Garrett, Goul & Curry and William L. Garrett for Defendant and Respondent.

**OPINION**

**COAKLEY, J.**—This is another of the many reported cases arising under the so-called "uninsured motor vehicle" statute (Ins. Code, § 11580.2; see cases construing statute in Shepard's California Citations, Statutes). The issues in this case have not been the subject of an opinion by the California Supreme Court and, as noted below, our conclusion with respect to issue No. 2 is contrary to that reached in an opinion of the Court of Appeal, Second District, Division 1, in *American Ins. Co.* v. *Gernand*, 262 Cal.App. 2d 300 [68 Cal.Rptr. 810]. Thus, the concluding paragraph in the opinion

in *Felner* v. *Meritplan Ins. Co.*, 6 Cal.App.3d 540, 547 [86 Cal.Rptr. 178], is particularly apropos: "The kaleidoscopic pattern of decisions in this field must certainly be a difficult one for trial courts and arbitration tribunals to interpret. We think it would be helpful for the Supreme Court to clarify the somewhat confusing body of procedural law which has grown up in uninsured motorist coverage and indicate the scope of future arbitration submissions."[1]

Appellant Rodgers, driving her car, was injured in a two-car accident on Highway 99. The second car was driven by Suzanne Ford. Both cars were proceeding northerly in northbound lanes. The accident was caused primarily by an unidentified third car which entered a northbound lane from an on ramp, made a U-turn, and proceeded in a southerly direction, i.e., driving south in lanes reserved exclusively for northbound traffic. In attempting to avoid the third car, the Rodgers and Ford cars collided. The third car did not come into contact with either the Rodgers or the Ford car, and exited via the on ramp. At the time of the accident, appellant was insured by respondent, State Farm Mutual, under a liability policy containing an uninsured motor vehicle provision, providing for arbitration as required by Insurance Code section 11580.2. Appellant made an uninsured motor vehicle claim upon respondent and requested arbitration. Her claim asserted that the accident had been caused by the negligence of the driver of the unidentified car. Respondent rejected appellant's request to arbitrate the claim. Appellant did not then petition the superior court for an order compelling arbitration, as she was entitled to do under Code of Civil Procedure section 1281.2. Instead, she instituted a personal injury action against Ford. While that action was pending, and approximately 17 months after presenting her first claim and arbitration request to the respondent, the appellant presented a second claim and demand for arbitration to the respondent. This also was rejected. Appellant thereupon petitioned the superior court for an order requiring respondent to arbitrate the claim. The petition was denied and this appeal followed. An order denying a petition to compel arbitration is an appealable order. (Code Civ. Proc., § 1294, subd. (a); *Esparza* v. *State Farm Mut. Auto. Ins. Co.*, 257 Cal.App.2d 496, 498, fn. 1 [65 Cal.Rptr. 245].)

The parties recognize that their respective rights and obligations are controlled by Insurance Code section 11580.2 and the provisions of the policy issued by the respondent as mandated by that statute.[2] The purpose

[1]See also 29 A.L.R.3d 354, "Uncertain view as to general rule of arbitrability," and the discussion thereunder of California cases.

[2]The policy is not a part of the record before us. It is not contended, however, that the policy contains provisions which broaden either (1) the coverage, or (2) the issues subject to arbitration as provided by the statute, and in virtually all cases which

of the statute is to provide insurance protection to designated categories of persons included under a liability policy insuring against injuries or death caused by a so-called uninsured motor vehicle. The particular part of the statute with which we are here concerned reads as follows: "The term 'uninsured motor vehicle' means a motor vehicle with respect to the ownership, maintenance or use of which . . . the owner or operator thereof be unknown, provided that, with respect to an 'uninsured motor vehicle' whose owner or operator is unknown: (1) *The bodily injury has arisen out of physical contact of such automobile with the insured or with an automobile which the insured is occupying.*" (Italics added.)

■ *Issue No. 1.* Does the statute impose liability upon the insurer, absent physical contact? The answer is, "No."

The statute uniformly has been construed to deny recovery where there was no physical contact between the so-called "uninsured," "unidentified" or "phantom" vehicle and the other car or cars involved in the accident in which plaintiff sustained injury. (*Page v. Insurance Co. of North America,* 256 Cal.App.2d 374 [64 Cal.Rptr. 89]; *Pacific Automobile Ins. Co. v. Lang,* 265 Cal.App.2d 837 [71 Cal.Rptr. 637]; and *Inter-Insurance Exchange v. Lopez,* 238 Cal.App.2d 441 [47 Cal.Rptr. 834].)

We know of no decision holding the insurer liable where, as here, the third or so-called phantom car does not come into actual physical contact with either the insured or the vehicle he occupies, or with another car which, in turn, strikes the insured or the car occupied by him.[3]

Appellant makes a strong argument for extending the statute to permit recovery where, as here, it is undisputed that the phantom car caused the accident, and, thus, no element of a fictitious or fraudulent claim is present. She does so in reliance upon dictum in *Inter-Insurance Exchange v. Lopez, supra.*[4] Appellant's argument for extending coverage under the statute, though persuasive, is properly addressed to the Legislature and not the courts. (See *Page v. Insurance Co. of North America, supra.*)[5]

---

have come to our attention the policy repeats the statutory language with respect to the issues discussed herein. For these reasons, we treat the statute and the policy as identical, in substance, with respect to said issues. For brevity, we will refer to the statute and the policy provisions, jointly, as the "statute."

[3]In *Inter-Insurance Exchange v. Lopez, supra,* 238 Cal.App.2d 441, it was held that where car X, the so-called phantom or uninsured car, strikes car B, causing it to hit car C, an occupant of car C injured in the three-car accident, though not directly struck by car X, may recover from the insurer under the uninsured motorist statute.

[4]For dictum to the contrary, see *Hernandez v. State Farm Ins. Co.,* 272 Cal.App.2d 255, 256, fn. 3 [77 Cal.Rptr. 196].

[5]And, see *Inter-Insurance Exchange v. Lopez, supra,* 238 Cal.App.2d 441, which discusses the reasons why the statute, adopted in 1959, was amended in 1961 to

■ *Issue No. 2.* Did the court err in denying appellant's petition to compel arbitration? Again, the answer is, "No."

Appellant contends that the issue of physical contact must be decided by an arbitrator, and not by the court. Although the Supreme Court has not passed upon the point at issue, we are not totally without guidance.

In *Pacific Automobile Ins. Co.* v. *Lang, supra,* 265 Cal.App.2d 837, an arbitrator awarded damages to the claimant notwithstanding his finding that there had been no physical contact between the claimant and the unidentified car. On the claimant's petition to confirm the award (Code Civ. Proc., § 1285) the trial court granted the insurer's motion to vacate the award. It did so upon the grounds that the arbitrator acted in excess of his jurisdiction in that the award went "beyond the lawful agreement of the parties" (p. 840) and beyond the requirements of the statute in awarding damages where he, the arbitrator, found no physical contact between the claimant and the phantom car. While the Court of Appeal reversed on other grounds, it held unequivocally that where physical contact is an issue it must be decided by the court, and the arbitrator is without jurisdiction to determine that issue.

*Allen* v. *Interinsurance Exchange,* 275 Cal.App.2d 636, 640 [80 Cal. Rptr. 247], holds that an arbitrator's award may be vacated where the claimant was "not legally entitled to recover damages."

*Hernandez* v. *State Farm Ins. Co., supra,* 272 Cal.App.2d 255, held that having voluntarily submitted an uninsured motor vehicle dispute to arbitration, including the question of physical contact, the parties are bound by the award. However, the court expressed doubt as to whether a party may be *compelled* to submit the issue of physical contact to arbitration.

In *Felner* v. *Meritplan Ins. Co., supra,* 6 Cal.App.3d 540, the parties voluntarily submitted the dispute to arbitration, including the issue of physical contact which the insurer contested. Evidence was presented on that issue, and the arbitrator found that there was physical contact. The insurer then opposed confirmation of the award, contending that the court should hear the issue of physical contact *de novo.* On appeal, the reviewing court held that *having submitted the issue of physical contact to arbitration,* the parties were bound by the award.

---

require physical contact with the phantom car as a condition precedent to liability, i.e., to prevent fraudulent claims by a claimant falsely attributing the cause of the accident to an alleged phantom car.

■

In contrast, the respondent-insurer, in our case, has declined to submit the question of physical contact to arbitration because it is undisputed that no physical contact took place. Clearly, the cases are distinguishable.

The court, in *Felner*, at page 546, noted that despite the rule and policy of permitting an arbitrator to decide all controverted questions so that the controversy may be resolved finally and expeditiously where an agreement to arbitrate exists (see *Jordan v. Pacific Auto. Ins. Co.*, 232 Cal. App.2d 127 [42 Cal.Rptr. 556], and other cases cited in *Felner* supporting the policy of arbitration) ". . . an increasing number of uninsured motorist decisions have removed legal and factual issues from the arbitrators and transferred them to the courts," citing several such cases (see p. 546, fn. 1). Among the cases cited are *Pacific Automobile Ins. Co. v. Lang, supra,* wherein an arbitrator's award was vacated upon grounds of no physical contact, and *Farmers Ins. Exch. v. Ruiz,* 250 Cal.App.2d 741 [59 Cal.Rptr. 13]. In the latter case, an heir of a decedent killed by an unidentified motorist demanded arbitration, and the insurer obtained a preliminary injunction against the American Arbitration Association's proceeding with arbitration. The court, at page 744, held that the trial court, and not an arbitrator, had ". . . exclusive jurisdiction to decide the preliminary question whether the claimant was an insured within the meaning of the policy."

We are unable to distinguish, *in substance,* between the preliminary or threshold questions present in *Farmers Insurance Exch. v. Ruiz, supra,* and in the other cases collected in the *Felner* footnote, *supra,* and the preliminary question of policy coverage in our case where it is conceded that there was no physical contact.

While the argument in favor of permitting an arbitrator to decide all issues and to make his award final and nonappealable (see *Felner v. Meritplan Ins. Co., supra,* and cases cited therein at pp. 545-546), except in the specific instances specified in Code of Civil Procedure section 1286.2, is a reasonable one, we believe it must yield to the specific and overriding intention of the Legislature expressed in the 1961 amendment to the uninsured motor vehicle statute (Ins. Code. § 11580.2), i.e., that absent physical contact there is no liability. If this interpretation be the correct one, and if, as here, it is undisputed that there was no physical contact between the phantom car and either of the other cars involved in the accident, clearly an arbitrator who found liability under those circumstances would exceed his jurisdiction. In that event, a petition to vacate the award would be in order and inevitably would be granted pursuant to Code of Civil Procedure section 1286.2, subdivision (d), which pro-

vides: "Subject to Section 1286.4, the court shall vacate the award if the court determines that:

"...........................

"(d) The arbitrators exceeded their powers and the award cannot be corrected without affecting the merits of the decision upon the controversy submitted; . . ."[6]

For that reason, appellant's petition to compel arbitration in this case seeks to have the court perform an idle act. The trial court properly declined to do so.

The conclusion reached herein, and that reached in *American Ins. Co. v. Gernand, supra,* 262 Cal.App.2d 300, appear to conflict on the issue of arbitration. That case holds that the controversy, including the issue of physical contact, must be arbitrated if arbitration is demanded by the claimant, notwithstanding a stipulation that there was no physical contact.

We respectfully disagree with that conclusion, and we reaffirm our opinion, expressed above, that where the parties acknowledge that there was no physical contact between the unidentified motor vehicle and the car or cars involved in the accident in which the claimant was injured, there is no liability under the uninsured motor vehicle statute, and submission of the issue of liability to an arbitrator *over the objection of either party* is an idle act which the courts will not compel.

In the light of our decision upon the two issues discussed, it is unnecessary to consider the third contention raised by respondent, viz., that the appellant abandoned and waived her right to compel arbitration when, following rejection by the respondent of appellant's first demand for arbitration, the appellant did not renew her demand for arbitration for approximately 17 months.

The judgment is affirmed.

Gargano, Acting P. J., and Ginsburg, J.,* concurred.

---

[6]For decisions in which an arbitrator's award was vacated upon the grounds that he exceeded his jurisdiction see *Allen v. Interinsurance Exchange, supra,* 275 Cal.App. 2d 636; *Pacific Automobile Ins. Co. v. Lang, supra,* 265 Cal.App.2d 837; *Allstate Ins. Co. v. Orlando,* 262 Cal.App.2d 858 [69 Cal.Rptr. 702].

*Assigned by the Chairman of the Judicial Council.